In the Matter of ACME FURNACE FITTING COMPANY, a Corporation, Bankrupt.

Eusebius J. BIGGS, Appellant,

v.

Gerald P. GRACE, as Trustee in Bankruptcy, Appellee.

No. 13550.

United States Court of Appeals Seventh Circuit.

April 25, 1962.

Rehearing Denied May 11, 1962.

E. J. Biggs, Chicago, Ill., for appellant.

Ronald L. Barnard, Stephen A. Mitchell, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

This appeal arises out of a bankruptcy proceeding pending in the district court wherein Acme Furnace Fitting Company, a corporation, was adjudged a bankrupt on July 1, 1960.

Gerald P. Grace, appellee, first qualified as receiver and subsequently as trustee of the bankrupt's estate.

Eusebius J. Biggs, appellant, appeared *pro se* in the proceeding below and on this appeal.

Appellant's connection with this proceeding stems from a claim on an account for merchandise in the amount of $112 asserted against him by Acme Furnace Fitting Company prior to the bankruptcy. Appellant admitted liability of $50 and paid that amount on the account. Acme sued appellant for the $62 balance in the Municipal Court of Chicago, Illinois. Appellant filed three counterclaims in the Municipal Court case based on several alleged conspiracies against him. Subsequently, the claim for $62 against appellant was abandoned in the Municipal Court by appellee trustee.

Thereafter, appellant filed a claim in the bankruptcy proceeding. This claim was amended on March 17, 1961. The claim alleges bankrupt is "indebted [or, liable] to" appellant in the sum of $50,-000. The consideration for the claim is alleged to be that "Bankrupt overcharged this creditor, as part of a conspiracy to injure him financially, because he objected to the Bankrupt's arrangement with the criminal element of the American Federation of Labor, which they were using to violate the Sherman anti trust and related acts."

We have reviewed the numerous documents filed in the bankruptcy proceeding by appellant. These include a charge of bias and prejudice against all judges in the United States District Court for the Northern District of Illinois. However, the sole question before us on this appeal is whether the district court erred in affirming the referee's order which in substance rejected appellant's petition to file a second amended claim.

The three orders entered by the referee complained of herein were signed on May 11, 1961 and copies were mailed to appellant on that date. These orders were entered *nunc pro tunc* as of May 5, 1961, the day on which they were orally announced.

The orders denied three petitions filed by appellant, including one filed April 13, 1961 seeking leave to file a second amended claim. Findings of fact and conclusions of law were filed by the referee in support of each of such orders.

No further steps were taken by appellant until he filed his petition for review

on June 2, 1961, 22 days after the challenged orders were entered. At the same time, appellant filed a second petition which, in effect, asked leave that the petition for review be considered filed *nunc pro tunc* as of May 15, 1961.

On June 2, 1961, the referee denied the petition for review and the alternative petition last above described.

On June 8, 1961, appellant filed a petition seeking a review of the referee's order of June 2, 1961, which petition was denied.

Following a hearing and the filing of briefs, the district court entered an order on July 5, 1961 affirming the referee's findings and orders entered June 2, 1961. This appeal followed.

■ The referee grounded his order of June 2, 1961, denying appellant's petition filed on that date for review of orders entered May 11, 1961, on the provisions of Section 39, sub. c of the Bankruptcy Act, as amended in 1960, 11 U.S.C.A. § 67. This section reads in pertinent part, as follows:

"§ 67(c). A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. *Unless the person aggrieved shall petition for re-view of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. * * *"* (Emphasis added.)

The last italicized sentence shown above was added by the 1960 amendment. It makes clear that a petition for review must be filed within the prescribed ten day period or within such extended time as the court may allow upon a petition for such extension filed within the same ten day period. 2 Collier, Bankruptcy ¶ 39.01, at 133 (14th ed., Supp.1960).[1]

■ Appellant failed to comply with the provisions of Section 39, sub. c of the Bankruptcy Act, as amended, and is barred from challenging the orders he belatedly sought to have reviewed. There is no error in the order of the district court affirming the referee's denial of such review.

Appellant's final petition of June 8, 1961 furnishes nothing new. It merely presents the issue of whether the referee correctly barred appellant from a review untimely filed.

■ Appellee urges that appellant be charged with the payment of reasonable attorneys' fees for services of appellee's counsel because of the frivolous nature of appellant's contentions. Since appellee has proceeded *pro se* throughout this proceeding, such request is denied.

In view of our holding, we need not consider appellee's motion to dismiss this appeal.

The order of the district court appealed from herein is affirmed.

Affirmed.

1. "Section 39c was amended in 1960 to remove the uncertainty as to the finality of a referee's order. * * *

"Under this prior wording the Supreme Court of the United States had held in Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942) that there was no limitation upon the discretion of the bankruptcy court to entertain a petition for review after the expiration of the 10 day period. The 1960 amendment now makes it clear that a petition for review must be filed within the prescribed ten day period or within such extended time as the court may allow upon petition for such extension, itself filed within such ten day period. * * *

"N.12. For a full discussion of the amendment see House Report No. 1689, 86th Cong., 2d Sess. (1960) [U.S.Code Congressional and Administrative News 1960, p. 3194]."