**In the Matter of Elmo SORENSON, Involuntary Bankrupt.**
**No. B 409–57.**

United States District Court
D. Utah,
Central Division.
March 4, 1963.

Allen H. Tibbals, E. J. Skeen, Salt Lake City, Utah, for petitioners.

Eldon A. Eliason, Delta, Utah, for Delta Livestock Company.

Bryant H. Croft, Salt Lake City, Utah, for Spanish Fork Livestock Auction.

Irving H. Biele, Salt Lake City, Utah, for Hebron Livestock Commission.

Reed L. Martineau, Salt Lake City, Utah, Parker M. Nielson, Asst. U. S. Atty., for the United States.

H. J. Saperstein, Salt Lake City, Utah, for Trustee in Bankruptcy.

CHRISTENSEN, District Judge.

The matter before me involves a petition for review of an order of the Referee in Bankruptcy, and presents the question of the timeliness of the filing of the petition to permit such review.

The procedural facts are these:

The proceedings have been pending before the Referee since 1957. On January 17, 1963, the Referee after hearing entered an order requiring the Director of Internal Revenue to return to the bankrupt amounts retained from the assets of the bankrupt for interest and penalties accruing subsequent to the filing of the petition for involuntary bankruptcy and denying the bankrupt's petition that he be reimbursed by the trustee or the director for the amount retained by the Internal Revenue Service from after acquired assets of the petitioner for a pre-bankruptcy debt. Copy of this order was mailed to the Internal Revenue Service, 352 Federal Building, Salt Lake City, Utah, the bankrupt, his attorney, the trustee and the attorney for the trustee on January 18, 1963. However, it was not until the 22nd day of January, 1963, that copy of the order was mailed to the United States Attorney's Office.

On the 28th day of January, apparently upon an oral application by the United States Attorney, the Referee in Bankruptcy entered an order extending the time to file a petition for review of the order of January 17 to February 7, 1963. Copies of this order of extension were mailed to the interested parties and their attorneys the following day. While the order extending the time was not filed actually within ten days from the entry of the order sought to be reviewed, it was filed on the first business day following the tenth day, the tenth day being a Sunday.

On January 30, 1963, (two days after the extension was actually granted by the entered order), the United States Attorney filed on behalf of the United States with the Referee a written motion dated January 28 for an extension of time to and including February 7, 1963, within which to file the petition for review.

On January 31, 1963, the petition for review was filed with this court by the government.

The bankrupt filed in due course a motion to dismiss the petition for review, which motion to dismiss the review proceedings is predicated on the provisions of Section 39(c) of the Bankruptcy Act, as amended in 1960, 11 U.S.C.A. § 67. This section now reads in pertinent part as follows:

"67(c). A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-

day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. * * * "

Contrary to the prior statute as interpreted in Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942), the amendment places a limitation upon the discretion of the court to entertain a petition for review after the expiration of the ten day period or an extension granted in accordance with the statute. In re Acme Furnace Fitting Company (7 Cir., 1962), 302 F.2d 318; 2 Collier Bankruptcy, § 39.01, at 133 (14th Ed. Supp.1960); 8 Remington on Bankruptcy, (6th Ed.) § 3406, 1962 Supp.

The filing of the order for an extension itself was within the statutory period, since the following Monday and not the terminal Sunday of the ten day period would be the last day. 11 U.S.C. A. § 54. Apparently while a formal motion to amend was prepared the same day it was not filed until two days thereafter.

It therefore remains to be determined whether as contended by the bankrupt the failure to "file" a "petition" for an extension at the time of, or prior to, the actual granting of the extension rendered such extension invalid so that a petition for review filed after January 28, but within the period of the extension, would be ineffectual to bring up for review here the Referee's order.

It must be conceded that the present statute literally suggests that unless a petition for review actually is filed within the ten day period, there must be a petition for an extension filed within such period in order to authorize the filing of the petition for review within an extended period. But the problem which the 1960 amendment was designed to meet did not involve the lack of a formal petition as a foundation for an extension granted within the ten day period. The amendment was occasioned by the holding in Pfister that under the old law there was no time limitation upon the discretion of the bankruptcy court to entertain a petition for review after the expiration of ten days notwithstanding that there had been neither an application for extension nor an extension granted within the ten day period. Thus, in Senate Report No. 1689, June 24, 1960, covering H.R. 6556, on which the amendment was based (2 U.S.Code Congressional and Administrative News, 86th Congress, 2d Session 1960, P. 3195) it is said, among other things:

"There is now uncertainty as to the finality of a referee's order under this doctrine that a bankruptcy court may entertain an untimely petition for review even in the absence of an extension of time. The purpose of the bill is to fix a definite period of time within which an application for review must be filed."

Under the amendment, if a petition for an extension is filed within the ten day period, the extension actually may be considered and entered by the court effectually thereafter; I believe that the reference to the "filing" of a "petition" for extension is to make clear that the court can *thereafter* grant an extension on such petition if, and only if, a formal petition or other application for extension is filed within the ten day period. Cf. In re Harnik (D.C.W.D.Ark.1962), 207 F.Supp. 325.

If, however, the extension is actually entered within the ten day period by the Referee, I am of the opinion that it is not within the purpose, intent and essential meaning of the statute to require the prior filing of a formal petition for an extension. If I am in error in this, I believe that the requirement for the filing of the petition for an extension,

the extension for cause already having been entered in time, should be deemed immaterial or merely directory and not in any sense mandatory or jurisdictional. Being of this view I find little difficulty in disposing of other technical objections that suggest themselves. Whether the application filed following the extension was a "motion" or "petition", or mainly an "application" shouldn't matter. There being nothing to suggest that the extension was not granted for cause, the regularity of the Referee's order for an extension will be presumed. And I do not think that the fact that the original extension was granted on oral application rather than on the written motion thereafter filed should be determinative. The only circumstances under which a written petition or application filed within the ten day period would become vital would be if the subsequent entry of the order of extension had to be traced to the original period through a pending petition for extension. There is no specification in the statute of the contents of the petition, no provision for its being noticed or formally heard.

The language of the statute is reasonably susceptible of this construction and contrary interpretation would be unreasonable and unduly limiting and would be inconsistent with the purpose of the amendment and its legislative history. This is not to say that it might not be better practice, even though an extension is granted within the ten day period, for the Referee to require a written application therefor to be filed at the time of, or prior to, the granting of the extension. But I cannot think that a review could be precluded merely because the sequence of this formality with reference to the actual granting of the extension within the ten day period did not appear. The common experience and practice of the bench and bar in obtaining and granting extensions when authorized, by informal application within the specified times, but with the recognition of the necessity at most of formal motions or petitions for extension filed

sions are to be ruled on and entered out of time, are not invulnerable to statutory change. But they are not lightly to be cast aside by uncertain language obviously not intended to reach the defects here claimed to be fatal to a review.

The Bankruptcy Act on the point at issue is in pari materia with Rule 6(b) F.R.C.P., which is applicable to proceedings under the Bankruptcy Act insofar as it is not inconsistent with the Act. General Order 37, General Orders in Bankruptcy, 11 U.S.C.A. following § 53. Rule 6(b) permits the enlargement of time if request therefor is made before the expiration of the period originally prescribed. There is no doubt that the 1960 amendment to the Bankruptcy Act requires a petition or similar application in writing to be actually filed within the period originally prescribed if the court is to grant an extension after such initial period. To such extent the 1960 amendment strengthens or at least clarifies the requirements of Rule 6(b) in order to preclude the court's reviewing orders without either an extension or a record application for an extension being filed within the ten day period as a foundation for its subsequent action. But the Tenth Circuit in another context recently demonstrated the necessity for a practical consideration of the objects of the 1960 amendment and its interpretation in the light of Rule 6(b). Potucek v. Cordeleria Lourdes, (10 Cir., 1962) 310 F.2d 527; cert. den. 83 S.Ct. 875. In the present case a written extension was filed within the ten day period. Cf. In the Matter of Lawson, (D.C.W.D. Va.1962), 201 F.Supp. 710. To invalidate that timely extension because the formal petition for it, though made on the same day, was not filed until two days afterward, would be as unwarranted a construction of the 1960 amendment as that rejected in Potucek. Nor do I believe that the amendment was intended to rigidly compel the Referee to insist on a formal document denominated "petition" before he could, for cause shown informally or otherwise, enter an exten-

within the required time when extension order within the original ten day period.

Accordingly, I conclude that the petition for review was filed within the period of a timely extension granted by the Referee and thus within the period permitting a review of the Referee's order of which complaint is made. On the merits of the petition for review, of course, I neither entertain nor mean to express an opinion at this time. The Referee is hereby directed to certify the record to be reviewed here in accordance with 11 U.S.C.A. § 67(a) (8). The clerk is requested thereafter to set and notice petition for review for hearing on the merits on an early Motion Day.