In the Matter of Forest Earl STEVES, Bankrupt.

CITIZENS STATE BANK OF CORTEZ, Petitioner,

v.

H. Myers BUMGARDNER, Trustee in Bankruptcy, Respondent.

No. 29715.

United States District Court
D. Colorado.

April 15, 1964.

Charles E. Rhyne, Denver, Colo., for petitioner on review.

H. Myers Bumgardner, Trustee in Bankruptcy, Pueblo, Colo., respondent on review.

DOYLE, District Judge.

This matter is before the Court on a Petition for Review of an Order of the Referee in Bankruptcy, Charles F. Keen, of Pueblo, Colorado. The particular order in question here is an order dismissing a prior petition for review.

The petitioning creditor herein, the Citizens State Bank of Cortez, Colorado, (hereinafter referred to as the "Bank") was one of the original petitioning creditors who filed, on September 29, 1961, an Involuntary Petition in Bankruptcy asking the Court to adjudicate Forest Earl Steves a bankrupt. This adjudication was made on April 16, 1962. A trustee was appointed and he was subsequently succeeded by the present trustee, Mr. H. Myers Bumgardner, who filed his first and final report on June 17, 1963. At the final meeting of the creditors, held July 10, 1963, the Bank entered oral objections to the report and on September 10, 1963 filed a written objection: the substance of these objections do not appear of record in the instant proceeding. On the following day, September 11, 1963, a hearing on the Bank's objection was held before the referee, who filed his Report and Order overruling the objection on October 4, 1963. The Report and Order allowed all parties ten days from October 7, 1963, in which to petition for review.

On October 16, 1963, within the allotted period, counsel for the Bank filed a Petition for Review of the Report and Order of October 4. Through counsel's inadvertence neither a Ten-dollar filing fee, required both by the schedule of fees set

by the Judicial Conference [1] and by Rule 13 of the United States District Court for the District of Colorado, Bankruptcy Division, nor a praecipe, also required by Local Rule 13, were tendered at that time, counsel being unaware of the existence of Rule 13.

Counsel for the Bank mailed the Ten-dollar filing fee from Denver, Colorado, to the Clerk in Pueblo, Colorado, on October 17, 1963, and the fee was received the following day. On October 31, 1963, the referee issued an Order to Show Cause why the petition for review of the referee's Order should not be dismissed, because unaccompanied by a praecipe designating the record to be certified for review. A hearing was held on the Order to Show Cause on November 13, 1963, at which time counsel for the Bank tendered a praecipe and the cause was taken under advisement by the referee.

On December 11, 1963, the referee issued a Memorandum Opinion and Order which held that the failure to file a praecipe within the allotted time was a jurisdictional failure; refused the tender of the praecipe; and denied the petition for review.

On a Petition for Review of the December 11, 1963 Order of the referee, a hearing was held before this court on March 17, 1964, at which time counsel for the Bank was present. Counsel for the trustee was unable to attend, but the trustee has filed a written memorandum pro se in support of the referee's position.

The questions certified to us are:

1. Whether the Order of December 11, 1963 is a reviewable order under Section 39, sub. c of the Bankruptcy Act?

2. If so, was that order correct in view of the late tender of the Ten-dollar filing fee?

3. Was that order correct in view of the late tender of a praecipe designating the record for review?

Under Section 39, sub. c of the Bankruptcy Act, all written, signed, final orders of a referee are reviewable by the courts. 2 Collier on Bankruptcy, ¶ 39.21, p. 1499. The Order of December 11, 1963, being a final denial of an aggrieved creditor's attempt to seek review of a final order, is a reviewable order.

Under the 1960 amendments to Section 39, sub. c of the Bankruptcy Act, it is clear that an order of a referee becomes final after a ten day period from the entry of the order or after any extension granted within that period or granted pursuant to a request made within that period, and that a district judge or a referee no longer has discretionary power to grant a petition for review after the period for filing a petition has expired. In Re Watkins (W.D.Va., 1961) 197 F.Supp. 500; 2 Collier on Bankruptcy, ¶ 39.20, pp. 1491–1499. Since the purpose of the 1960 amendments was to relieve uncertainty as to the finality of a referee's order, Senate Report No. 1689, June 24, 1960, to accompany H.R. 6556, Volume 2 U.S.Code Congressional and Administrative News 1960, p. 3194–3197, we do not believe that excusable neglect on the part of counsel to tender a filing fee within the allowed time was meant by Congress to deprive the courts of jurisdiction to review orders of the referee where as here a petition for review was tendered in time. Any defect due to such neglect can be easily remedied, and all parties have, within the allotted time, been put on notice that the finality of the order is to be challenged. This is the principle applied to civil appeals from a United States District Court to the Courts of Appeal under the thirty-day requirement for filing notice of appeal imposed by Title 28 U.S.C. § 2107. In Parissi v. Telechron (1955), 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867, the Supreme Court, in a per curiam opinion,

---

[1]. The Schedule of Fees and Charges, set by the Judicial Conference of the United States pursuant to § 40, sub. c (3) of the Bankruptcy Act (11 U.S.C. § 68, sub. c (3)), provides: "3. For filing petitions for review and for filing petitions for reclamation of property, $10 for each petition filed, to be paid at the time of filing by the petitioner, provided that no charge shall be made for petitions for review or for reclamation of property filed on behalf of the United States."

held that appellant's failure to include a $5.00 filing fee along with a timely-filed notice of appeal, where 28 U.S.C. § 1917 requires that the $5.00 fee be paid "upon the filing" of a notice of appeal, did not vitiate the validity of the notice. The Supreme Court reasoned that "other sanctions" are available to require payment of the fee.

Similarly, excusable failure to file a praecipe in accordance with Local Rule 13 has no bearing on the certainty of the finality of the referee's Order of October 4, 1963.

The referee has held that: "A Petition to Review must be complete and obviously no Petition could be complete without a praecipe." Local Rule 13 provides:

"Petitions for review of all orders of the referee shall be *accompanied* by a deposit and a praecipe designating the record to be sent up for review, including a statement of the evidence desired and all exhibits, books and other documents required to be sent up, and petitioner shall pay such additional sum, if any may be due, for making such record transcript of documents." [Emphasis supplied]

The use of the word "accompanied" suggests that the completeness of a petition for review is independent of the filing of a praecipe or a deposit.

"One article or thing is accompanied by another when it supplements or explains it, in the manner that a committee report of the Congress accompanies a bill. No physical attachment one to the other is necessary. It is the textual relationship that is significant." Kordel v. United States (1948), 335 U.S. 345, at 350, 69 S.Ct. 106, at 109, 93 L.Ed. 52.

The Petition for Review, filed before the allotted time had expired, was complete. The failure of counsel to file a praecipe at the same time as the filing of the petition was excusable neglect since it appears that counsel was unaware of the existence of Local Rule 13 and that copies of the Rule are somewhat rare, having been out of print for over twenty years. It is, therefore,

Ordered that the referee's Order of December 11, 1963, is reversed. It is

Further ordered that the Petition for Review of the Report and Order of the Referee of October 4, 1963, be and is hereby granted, and the referee is directed to enter in the record the Praecipe tendered November 13, 1963, and to certify the questions for review in accordance therewith.