**H. L. THORNDAL, Trustee in Bankruptcy of Petroleum Corporation of America, Bankrupt, Appellant,**

v.

**SMITH, WILD, BEEBE & CADES, Appellees.**

**No. 17787.**

United States Court of Appeals
Eighth Circuit.

Jan. 4, 1965.

Harry M. Pippin, of Bjella, Jestrab, Neff & Pippin, Williston, N. D., made argument for appellant and filed brief with Frank F. Jestrab, of Bjella, Jestrab, Neff & Pippin, Williston, N. D.

E. F. Engebretson, of Cox, Pearce, Engebretson, Murray & Anderson, Bismarck, N. D., made argument for appellee and filed brief.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The issue presented by this appeal is whether the District Court acquires jurisdiction over a petition for review of the decision of a referee in bankruptcy where the petition is lodged with a referee within the time prescribed by § 39,

sub. c (11 U.S.C.A. § 67, sub. c) of the Bankruptcy Act as amended but a filing fee is not paid within such time. More specifically, the issue is whether payment of the filing fee within the time allowed for filing a petition for review is a prerequisite to giving the court jurisdiction to entertain the petition for review. The basic facts are not in dispute. On February 11, 1964, the bankruptcy referee filed his findings of fact, conclusions of law and order disallowing in part the claim of Smith, Wild, Beebe & Cades (hereinafter called claimants), attorneys at law located at Honolulu, Hawaii, for legal services rendered for the trustee at his request. On February 19, 1964, the District Court entered an order not here challenged extending claimants time for filing a petition for review to March 13, 1964.

On March 9, 1964, claimants' local attorneys deposited in the mail at Bismarck, North Dakota, a petition for review addressed to the referee at Fargo, North Dakota. The referee returned from a vacation on March 13 when such petition came to his attention. He concedes that it was received at his office at least by March 12, a date within the extended time allowed for filing the petition.

The petition was not accompanied by the required $10 filing fee. The referee called the Bismarck attorneys on Saturday, March 14, about the filing fee and he was assured that it would be forthcoming promptly. On March 17 the referee mailed the petition for review back to the claimants' attorneys stating that he was doing so because the required filing fee had not been paid and that he considered the payment of the filing fee jurisdictional. The filing fee check was mailed to the referee on Monday, March 16. Such check was received by the referee on March 18 and returned to the sender on March 19.

Thereafter, on March 24, 1964, at the suggestion of the referee, claimants filed an application for extension of time for filing petition for review with supporting affidavit. Such application contains an allegation that the petition for review previously filed was timely filed and asks for the extension of time to refile such petition. On the same date, the referee for good cause granted such application and marked the petition filed. The filing fee has been paid.

The trustee filed a timely petition to review the referee's order of March 24, 1964. The District Court affirmed the referee's order and this appeal by the trustee is from such order. The effect of the court's order was a finding that it had jurisdiction to consider claimants' petition for review.

■ The trustee bases his appeal principally upon his contention that under § 39, sub. c of the Bankruptcy Act a petition for review filed after the ten day period provided by the statute, or an authorized extension thereof, cannot be considered. The legislative history of the 1960 amendment to the Act and the decided cases support such position. In re Acme Furnace Fitting Co., 7 Cir., 302 F.2d 318; In re Harnik, W.D.Ark., 207 F.Supp. 325; In re Steves, D.C.Colo., 228 F.Supp. 391.

■ Claimants do not challenge the point raised by the trustee just discussed. Instead, they urge that the petition for review received by the referee on or before March 12, 1964, was timely filed. Claimants further contend that the failure to pay the filing fee before the expiration of the period allowed for filing a petition for review does not defeat the court's jurisdiction to consider the petition. We agree with such contentions. The statutory provisions with respect to court review of referees' decisions are found in § 39, sub. c of the Act which, so far as here material, reads:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon

the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final."

The statute specifies the time within which the petition for review must be filed but it contains no provision for payment of any fee nor does it contain any provision making the payment of fees mandatory or jurisdictional.

The trustee points to local District Court rule X 1(d) reading: "The Clerk is authorized to refuse to docket or file any suit or proceeding, writ, or other process, or any paper or papers in any suit or proceeding until the filing fees are paid"; and the local bankruptcy rule XIII 2 reading: "For filing petitions for review and for filing petitions for reclamation of property, $10.00 for each petition filed, to be paid at the time of filing by the petitioner. (If a petition for review or for reclamation is filed with the Clerk, he should collect the filing fee at the time such petitions are filed)."

The trustee contends that petitions for review cannot be filed without prepayment of such fees or at least that the receiving officer has discretion to refuse to file unless the fee is paid.

The only decided case we have been able to find bearing directly upon the issue confronting us is In re Steves, supra. There the court held that the late tender of the filing fee did not defeat the court's jurisdiction to consider a timely petition for review, the court stating:

"[W]e do not believe that excusable neglect on the part of counsel to tender a filing fee within the allowed time was meant by Congress to deprive the courts of jurisdiction to review orders of the referee where as here a petition for review was tendered in time. Any defect due to such neglect can be easily remedied, and all parties have, within the allotted time, been put on notice that the finality of the order is to be challenged. This is the principle applied to civil appeals from a United States District Court to the Courts of Appeal under the thirty-day requirement for filing notice of appeal imposed by Title 28 U.S.C. § 2107. In Parissi v. Telechron (1955), 349 U. S. 46, 75 S.Ct. 577, 99 L.Ed. 867, the Supreme Court, in a per curiam opinion, held that appellant's failure to include a $5.00 filing fee along with a timely-filed notice of appeal, where 28 U.S.C. § 1917 requires that the $5.00 fee be paid 'upon the filing' of a notice of appeal, did not vitiate the validity of the notice. The Supreme Court reasoned that 'other sanctions' are available to require payment of the fee." 228 F. Supp. 391, 392–393.

Like the Colorado court, we find the reasoning of the Supreme Court in Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867, persuasive and controlling upon the statutory interpretation problem here confronting us. Parissi involves the validity of a timely appeal from a District Court judgment where a filing fee imposed by separate statute had not been paid. The Supreme Court found that the time for appeal was governed by 28 U.S.C.A. § 2107 which made no provision for payment of fees. A separate statute, 28 U.S.C.A. § 1917, provided for the payment of a filing fee of $5 to the Clerk of the District Court upon filing notice of appeal. The Court held the failure to pay the filing fee did not impair the validity of the appeal, stating, "We think that the Clerk's receipt of the notice of appeal within the 30-day period satisfied the requirements of § 2107, and that untimely payment of the § 1917 fee did not vitiate the validity of petitioner's notice of appeal." 349 U.S. 46, 47, 75 S.Ct. 577.

Here as in Parissi, the statute fixing the time for appeal contains no provision or condition with respect to payment of fees. In Parissi, the filing fee requirement is found in a separate federal stat-

ute. Here the filing fee provision is found in local court rules. It is obvious that local court rules cannot enlarge statutory jurisdictional requirements. Hence, in our view a firmer basis here exists for supporting jurisdiction than was present in Parissi.

 We observe that we are dealing here with an inadvertent failure to pay fees which fees were promptly paid upon demand. Courts are not without power to provide sanction for failure to pay fees. See Parissi v. Telechron, Inc., supra; Brennan v. United States Gypsum Co., 10 Cir., 330 F.2d 728, 729.

The fact that the referee did not mark the petition filed at the time it was originally received is of no consequence. In United States v. Missco Homestead Ass'n Inc., 8 Cir., 185 F.2d 283, 285, we said, "The lodging of a petition with the clerk to be 'filed' by him is a 'filing'. Milton v. United States, 5 Cir., 105 F.2d 253, 255." The Milton case which we cited and followed in the case last discussed clearly holds that a person filing an instrument should not be responsible for the failure of a receiving public official to perform his duty.

We cannot uphold the basis of decision relied upon by the referee and the trial court, to wit, that authority exists to grant an extension of time for filing a petition for review after the time allowed by the statute as extended has expired.

"A successful party in the District Court may sustain its judgment on any ground that finds support in the record." Jaffke v. Dunham, 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314.

The effect of the trial court's order is to give claimants a review of the order of the referee denying their claim in part. They are, upon the basis of this record, clearly entitled to such relief by reason of their lodging with the referee, on or before March 12, 1964, a timely petition for review which meets the requirements of § 39, subd. c. Claimants have throughout maintained that such petition was timely filed. The erroneous granting of permission to refile the petition, which had been previously timely filed, does not impair the rights claimants obtained by the original filing. Likely it would have been better for the trial court to have handled this matter by entering a nunc pro tunc order according the petition for review a filing date as of the date it was originally received by the referee, as was done in Parissi. However, the substantial issue raised by the appeal is whether the court has jurisdiction to consider claimants' petition for review and this question has been correctly answered.

The trial court's determination that it has jurisdiction for review is affirmed.