**In the Matter of Clarence Clayton GOFF, d/b/a C. C. Goff, Insuror, Parts Processing, Inc., and Engineered Audio Systems, Inc., Clarence Clayton Goff, etc., Bankrupt, Appellant,**

v.

**James F. PFAU, Trustee, Appellee.**

**No. 19600.**

United States Court of Appeals
Eighth Circuit.

Nov. 26, 1969.

Rehearing Denied Dec. 19, 1969.

A. Yes.

A. Yes.

A. Yes, sir."

**650**

Clarence Clayton Goff, pro se.

Lewis E. Solomon, St. Paul, Minn., for appellee.

Before MEHAFFY, GIBSON and HEANEY, Circuit Judges.

PER CURIAM.

The bankrupt, Clarence Clayton Goff, appeals pro se from an order of the United States District Court for the District of Minnesota dismissing bankrupt's petition for review and affirming an order of the Referee in Bankruptcy issued May 23, 1968 directing that the proceeds of a note executed by Robert B. Byers be deposited in the registry of the court for payment over to the trustee. The basis of the District Court's order was that the bankrupt was not a "person aggrieved" within the meaning of § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c).

The order appealed from is but one of a series of orders and rulings issued in this voluntary bankruptcy proceeding that has as its only asset the $407.50 col-

lected on the Byers' note. The validity of the order appealed from rests upon the validity of (1) a prior turnover order issued and entered on December 19, 1966 on the ground that Byers' note was an asset of the bankrupt's estate and not after-acquired property as contended by the bankrupt, and (2) the referee's refusal to file the bankrupt's petition for review from this December 19, 1966 order because it was received on December 30, 1966, one day after the ten-day period set forth in § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), had expired. The referee's action in lodging but refusing to file the bankrupt's petition for review was sustained on appeal by Judge Earl R. Larson of the District Court. The bankrupt then made numerous motions attacking the correctness of the December 19, 1966 turnover order, all of which were denied by the referee and were also denied by the District Court where a petition for review was filed and processed.

On the instant order of May 23, 1968 issued by Judge Miles W. Lord, leave to appeal was granted by an administrative panel of this court so that the bankrupt's grievances could be fully and finally aired and this expensive and time-consuming litigation brought to a close. Although the bankrupt will only be a "person aggrieved" by the May 23, 1968 order if the order of December 19, 1966 is in error on its substantive ruling, we as an appellate court cannot consider the merits of that ruling unless the referee erred in not filing the bankrupt's petition for review of the December 19, 1966 order although that petition was received one day late.

In order to evaluate the procedural difficulties encountered by the bankrupt, it is necessary to examine at length the facts and unusual circumstances attendant the bankrupt's affairs before and after his adjudication of bankruptcy. Goff on March 30, 1964 borrowed an additional $600 from the National Bank of Commerce of Mankato, Minnesota for which loan he agreed to pledge as security or collateral a promissory note executed by Robert B. Byers, to be made payable to the bank and to Goff. On

April 13, 1964 Byers executed the note which Goff endorsed and delivered to the bank. Goff also had assigned, pledged and placed other collateral security with the bank to cover a total of $4600 of demand notes. Goff said it was understood that the bank could apply the proceeds of any security to the debt. At the time of adjudication on May 16, 1966 Goff was indebted to the bank in the amount of $850. The value of the collateral security is not shown but Goff alleges it to be less than the sum owed the bank. The Byers' note was in default and no payments had been made thereon.

Goff in his debtor's petition set forth the transfer of the Byers' note to the bank. The bank continued to hold the note until July 15, 1966 when it endorsed the note over to Goff without recourse. The bank apparently did not think the note was collectible without suit and had also considered its loan to Goff to be uncollectible. Goff then on September 3, 1966 brought suit against Byers on the note as an assignee of the National Bank of Commerce. A default judgment was entered for $407.50.

The bankrupt's petition was filed on May 11, 1966 and the adjudication was made May 16, 1966. A turnover proceeding was initiated by the trustee on October 5, 1966 seeking to have the Byers' note turned over to the trustee as an asset of the bankrupt's estate. A hearing was held on October 19, 1966 and Referee John J. Connelly issued his turnover order on December 19, 1966, a copy of which was mailed to the bankrupt on that date. The turnover order held *inter alia* "that the promissory note of Robert B. Byers represented an obligation due and owing to the bankrupt herein at the time he filed his petition on May 16, 1966 and further found that the note had been placed with the bank 'for collection purposes only.'" The bankrupt called Referee Connelly on December 29, 1966 inquiring about the bankruptcy procedures for a review of the turnover order. Referee Connelly cited the pertinent provi-

sions to him but did not inform him that the petition for review should be filed before the close of business on that day. Bankrupt said he would mail the petition for review that afternoon, which he did, and it was received by the referee's office the next day, December 30, 1966. On January 3, 1967 Referee Connelly entered an order lodging but not filing the petition because it was received one day after the ten-day period for filing a review under § 39(c) of the Bankruptcy Act. (11 U.S.C. Sec. 67(c)).

The bankrupt petitioned on January 11, 1967 for a review of the referee's order of January 3, 1967 lodging but not filing the petition because of late filing. On March 3, 1967 the District Court, The Honorable Earl R. Larson, held a hearing on this petition for review and issued an order under date of March 20, 1967 affirming Referee Connelly's order lodging the original petition for review instead of filing it on the ground of untimely filing by the bankrupt. Dissatisfied with this ruling of the District Court, the bankrupt again appealed to the court for a review of the December 19, 1966 turnover order. This was again denied by Judge Larson on April 21, 1967. The bankrupt made successive repetitive motions attacking Judge Larson's findings in his order of March 20, 1967. Other applications were made to the referee for reconsideration of the order of December 19, 1966 or to declare the order void. These applications were either overruled or disregarded by the referee and on review were overruled by Judge Larson on July 12, 1967. Allowance to appeal to this court from Judge Larson's order of July 12, 1967 was sought by the bankrupt, but his request was denied by an administrative panel of this court under date of September 28, 1967.[1]

Thereafter on May 23, 1968 Referee Connelly entered an order directing that the proceeds of the Byers' note and interest thereon be deposited in the registry of the court and be forthwith paid over to the trustee. Byers complied with this or-

---

1. Appeals in bankruptcy proceedings involving less than $500 are discretionary.

Bankruptcy Act § 24(a), 11 U.S.C. § 47(a).

der and it is from this order that the bankrupt filed a timely petition for review on June 3, 1968 in which petition he also requested reconsideration and vacation of previous orders. This petition for review was referred to Judge Miles W. Lord under date of September 12, 1968. An order was entered on October 9, 1968 by Judge Lord dismissing (a) the petition for review of the referee's order of May 23, 1968, and (b) the bankrupt's attempts to seek reconsideration of the prior rulings relating to the December 19, 1966 order and an injunctive order in connection therewith issued December 21, 1966 and also the order of Referee Connelly dated January 3, 1967 lodging the petition for review rather than filing it.

Judge Lord stated as the basis of his October 9, 1968 order:

"The bankrupt petitions for review of an order of the Referee in Bankruptcy which directs Robert B. Byers to turn over to the trustee in bankruptcy * * * a certain promissory note with interest. In an earlier proceeding the referee ruled that this note was the property of the bankrupt within the meaning of the Bankruptcy Act and ordered the bankrupt to turn it over to the trustee. *It is clear from the order of Judge Larson dated March 20, 1967, that the referee's order is final and no longer the subject of review.*

"Under these circumstances, the bankrupt has no interest in the matter adjudicated by the referee in the order of May 23, 1968. He is not a 'person aggrieved' within the meaning of Subsection c of Section 39 of the Bankruptcy Act. (11 U.S.C. Sec. 67(c)). The petition for review must there-

fore be dismissed. (Citations omitted)

"The Bankrupt's 'Motion to Exercise Jurisdiction and Adjudicate Matters' is similarly directed towards orders issued by the Referees in Bankruptcy pertaining to the determination that the promissory note in question should be turned over to bankrupt. It must likewise be denied."

The bankrupt on October 12, 1968 filed additional motions to dismiss the proceedings of the show cause order issued by Referee Connelly on October 5, 1966, to make or amend findings of fact and conclusions of law and to conduct a hearing anew on the whole matter, which motions were denied under date of November 12, 1968 by Judge Lord. The bankrupt filed notice of appeal. An administrative panel of this court allowed the appeal but denied bankrupt's motion to bring up all of the matters passed upon in the prior series of proceedings which appeared to be not timely appealed. Other motions to reconsider were filed by the bankrupt and denied.

The bankrupt adamantly contends that the Bankruptcy Court is open at all times and should have filed his petition for review of the December 19, 1966 order as a matter of equity and fairness or granted relief in his other motions attacking the December 19, 1966 order and that under Rule 6(e), Fed.R.Civ.P., the original petition for review was timely filed.

Under § 39(c) of the Bankruptcy Act a petition for review may be filed within ten days after the entry of the order or within such extended time as the court may grant upon petition filed within such ten-day period.[2] This section was amend-

---

2. Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), reads:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

ed in 1960 to require further that a petition for extension of time must be filed within the ten-day period and with the further proviso that orders of the referee become final unless the person aggrieved petitions for review within the ten-day period or any extension thereof. Thorndal v. Smith, Wild, Beebe & Cades, 339 F.2d 676 (8th Cir. 1965).

The earlier cases had divided on the issue of whether the ten-day period was controlling. Some held the application for extension could be made after expiration of ten days from the entry of the order. *See* Thummess v. Von Hoffman, 109 F.2d 291 (3d Cir. 1940). A conflict in the circuits was settled by the Supreme Court in Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942), which held that the ten-day period prescribed in § 39(c) is a limitation upon the right of the aggrieved party to appeal, but not a limitation on the jurisdiction of the reviewing court to act. That is, the district court in exercising its discretion could review orders on petition for review that were filed after the ten-day period had expired.

Although review as a matter of right was subject to the time limitations of § 39(c), since *Pfister* held the bankruptcy court still had power to allow petitions for review filed out of time, there arose considerable uncertainty as to the finality of a referee's order. Congress saw fit in 1960 to amend § 39(c) to clearly provide that a petition for review must be filed within the prescribed ten-day period or within such extended time as the court may allow upon a petition for extension filed within such ten-day period. The purpose of the amendment is clearly reflected in the legislative history. *See* Bankruptcy—Review of Orders of Referees, S.Rep. No. 1689, 86th Cong., 2d Sess. 3194 (1960).

We feel we are bound by the plain terms of the 1960 amendment and by the decision of this court in Thorndal v. Smith, Wild, Beebe & Cades, 339 F.2d 676, 677 (8th Cir. 1965) where Judge Van Oosterhout, now Chief Judge, stated in an opinion dealing with another facet of this same issue:

"The trustee bases his appeal principally upon his contention that under § 39, sub. c of the Bankruptcy Act a petition for review filed after the ten day period provided by the statute, or an authorized extension thereof, cannot be considered. The legislative history of the 1960 amendment to the Act and the decided cases support such position. In re Acme Furnace Fitting Co., 7 Cir., 302 F.2d 318; In re Harnik, W.D.Ark., 207 F.Supp. 325; In re Steves, D.C.Colo., 228 F.Supp. 391."

In re Acme Furnace Fitting Co., 302 F.2d 318 (7th Cir. 1962), cert. denied, Biggs v. Acme Furnace Fitting Co., 371 U.S. 853, 83 S.Ct. 89, 9 L.Ed.2d 88 (1962), held a petition for review must be filed within the prescribed ten-day period or within such extended period as the court may allow upon a petition for such extension filed within the same ten-day period.

We note there is a district court holding that the district court acting within its sound discretion may review a petition filed out of time. In re Terrace Superette, Inc., 229 F.Supp. 371, 375 (W.D. Wis.1964). The rationale of this opinion is that the limitation on § 39(c) applied to persons aggrieved and not the district court. The court relied on *Pfister*, however, and did not discuss the 1960 amendment of § 39(c). This view even if correct does not aid the bankrupt as the district court did not exercise its discretion, if any, in his favor. Another district court has held that an extension of time to file a petition for review granted by the referee within ten days is effective though the formal petition for extension is not filed until after the ten-day period. In In re Sorenson, 215 F.Supp. 814, 815 (D.Utah 1963), the extension was actually entered on oral application within the ten-day period, with the formal written application being filed two days later. This holding likewise is of no aid to the bankrupt in the instant case for the referee granted him no extension whatsoever.

A thorough discussion on the filing requirements of a petition for review under § 39(c) is set forth in In re Harnik, 207 F.Supp. 325 (W.D.Ark.1962), where Chief Judge Miller reviewed the decided cases and applicable treatises and concluded that since the amendment of 1960 the petition for review must be filed within ten days of the entry of the order or within an extension granted within such ten-day period. To the same effect is In re Steves, 228 F.Supp. 391 (D.Colo. 1964); *see* 2 Collier on Bankruptcy ¶ 39.01 at 1468 and ¶ 39.20 at 1497–1500 (14th ed. J. Moore & R. Oglebay 1969).

Although we prefer the present jurisprudential policy of having matters heard on their merits when consonant with orderly procedural requirements, we think our decision in Thorndal v. Smith, Wild, Beebe & Cades, 339 F.2d 676 (8th Cir. 1965) and the district court cases discussed make clear that literal effect is to be given to the plain meaning of § 39(c) of the Bankruptcy Act as amended in 1960 and that petitions for review must be filed within the ten-day period or any extension granted within that period in order for the district court to assume jurisdiction over the review. The bankrupt's contention that three days should be added to the prescribed ten-day period under Rule 6(e) because the order was served by mail is not well taken for the time for appeal starts to run from the entry of the order and no service of the order or notice of its entry is necessary to start the running of that time. 2 J. Moore, Federal Practice ¶ 6.12 (2d ed. 1967).

With the above holding it would be futile for us to discuss the merits of the referee's order of December 19, 1966. In passing we note that the bankrupt has made a forceful and intelligent presentation of his position that the Byers' note should have been treated as after-acquired property and if we were viewing the issue anew we would give serious consideration to his contentions. We also note in passing there is some basis for the referee's finding that the note is an asset of the bankrupt's estate in that no collateral receipt was issued by the bank for the note, no credit was given to the bankrupt's account on the transfer or assignment of the note back to him, and in one respect the note might be viewed as an item of pledged collateral security voluntarily surrendered by the security holder to the pledgor. We mention these matters only to show there are several different approaches that can be taken on the merits of the referee's order of December 19, 1966 and we do not intend to express any conclusive opinion on them.

The bankrupt can take consolation, if he so desires, in the fact that he has been instrumental in causing a pledged asset to be collected for the benefit of his creditors who extended some $16,000 in credits to him from which he was relieved in these bankruptcy proceedings.

Appeal is dismissed.