**In the Matter of C. S. CRAWFORD & CO., Inc., a Washington corporation, Bankrupt.**

**PIERCE COUNTY, WASHINGTON, and Maurice Raymond, Treasurer of Pierce County, Washington, Petitioners-Appellants,**

v.

**E. K. SCHNEIDER, Trustee-Appellee.**

**No. 24454.**

United States Court of Appeals, Ninth Circuit.

March 4, 1970.

---

Edwin J. Wheeler (argued), of Witt, Hutchins, Plumb & Wheeler, Tacoma, Wash., for appellants.

Samuel J. Steiner (argued), Seattle, Wash., for appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This case involves the scope of a district court's power to enforce compliance

with local rules promulgated pursuant to General Order in Bankruptcy No. 56.

On October 8, 1968, the referee in bankruptcy for the Western District of Washington entered a turnover order in the amount of $4,491.95 against appellant Pierce County, Washington, and its Treasurer. Within ten days following the entry of the order, the county filed a petition for review of the referee's order. It is conceded that this petition fully complied with the requirements of Bankruptcy Act § 39(c), 11 U.S.C. § 67(c), and was timely.

But under the rules of the Western District of Washington, it is not enough to file a timely petition. Local Rule 6(b) requires that the party who files a petition shall, at the time of the filing, furnish the referee with a "transcript or summary of the evidence adduced upon the hearing." [1] The purpose of the rule is to facilitate compliance with Bankruptcy Act § 39(a) (8), 11 U.S.C. § 67 (a) (8), under which the referee whose order is appealed must prepare a certificate of review and transmit it, together with a transcript or summary of evidence, to the district judge.

No transcript or summary having been filed with the petition, it is conceded that Local Rule 6(b) was not complied with. Five days after the filing of the petition, counsel for the Trustee called Rule 6(b) to the attention of petitioners' attorney. Neither transcript nor summary was forthcoming. Two months later, on December 13, 1968, the Trustee moved to dismiss the petition for lack of compliance with Rule 6(b). On December 20, 1968, a summary of evidence, based on the admittedly "vague" recollection of petitioners' counsel, was filed with the referee. The summary was not in accord with the Trustee's counsel's memory of the hearing, and on February 7, the latter renewed his motion to dismiss. On February 20, a transcript was finally filed. The motion then came on for hearing, and on May 14, 1969, the district judge granted it and dismissed the petition. The County appeals, and we affirm.

■ Local Rule 6(b) was promulgated pursuant to the provisions of General Order in Bankruptcy No. 56, granting to local courts of bankruptcy the power to make rules "not inconsistent" with the Act or the General Orders. [2] We cannot see any inconsistency between the Local Rule and the Act or the Orders. To be sure, neither the Act nor the Orders includes a requirement that the petitioner file a transcript or summary with the referee. But the silence of the Act and Orders cannot alone be determinative. If that were so, all rules not specifically included in the Act or Orders would be invalid, and the grant of rule-making authority to local courts would be a nullity. We think that when the Act and Orders are silent, the test of

---

I. The rule provides:

"(b) The party who files a petition for a review of an order made by a referee shall, at the time of filing such petition, or within such further time as the court may, for cause shown, allow, furnish the Referee a transcript or summary of the evidence adduced upon the hearing of the matter sought to be reviewed.

"The referee shall promptly mail notice of the furnishing of such transcript or summary to all parties or their counsel who were represented at the hearing of the matter sought to be reviewed, and they may, within ten days from the mailing of such notice, present to the Referee objections or amendments to such transcript or sum-

mary. The Referee may make such corrections of the transcript as the facts may require and he may adopt the summary or the objections and amendments thereto of any party, or he may prepare his own summary of the evidence."

2. General Order 56 was issued by the Supreme Court pursuant to former § 30 of the Bankruptcy Act, ch. 541, § 30, 30 Stat. 554 (1898). This provision was repealed by Act of Oct. 3, 1964, Pub.L. 88–623, § 3, 78 Stat. 1001, but it was expressly stated that repeal of § 30 should not "operate to invalidate or repeal rules, forms, or orders prescribed under the authority of that section by the Supreme Court."

validity of a local rule is whether it carries forward the purposes of the Act and keeps faith with the policies embodied therein.

■ This the Local Rule does. When review of a referee's order is sought, the district judge's job is analogous to that of an appellate court. Requiring that petitioner assist the referee in forwarding a transcript or summary of evidence is thus no different in principle from our own requirement that an appellant designate the record on appeal. Fed.R.App.P. 10; 9th Cir. R. 4, 28 U.S. C.A. Both practices enlist the cooperation of the party seeking review in order to facilitate the task of the reviewing court. Local rules like the one here in question are neither unusual nor unprecedented. *See* 2 Collier on Bankruptcy ¶ 39.25 [1] at 1510 & n. 2. We hold it is valid.

Appellant relies on three cases which he claims stand for the proposition that a district court may not increase the requirements for filing a petition beyond those provided by the Act. Thorndal v. Smith, Wild, Beebe & Cades, 339 F.2d 676 (8th Cir. 1965); In re Panama-Williams Corp., 235 F.Supp. 729 (S.D. Tex.1964); In re Steves, 228 F.Supp. 391 (D.Colo.1964).

The cases are inapposite. They concerned the obverse of the problem here presented, and dealt with situations where a district judge had *excused* the failure to comply with local rules. They held only that the 1960 amendment to § 39(c) of the Bankruptcy Act, which forbade the courts to excuse lack of compliance with the ten-day limit for the filing of the petition, did not also forbid them to excuse lack of compliance with local rules.

■ It remains to determine whether dismissal of the petition was a proper

sanction for failure to comply with the Local Rule. The cases make clear the inherent power of a court to dismiss for lack of compliance with a rule or order of court. O'Brien v. Sinatra, 315 F.2d 637 (9th Cir. 1963); Moore v. Island Creek Coal Co., 375 F.2d 732 (4th Cir. 1967); Wirtz v. Hooper-Holmes Bureau, Inc., 327 F.2d 939 (5th Cir. 1964); Maddox v. Shroyer, 112 U.S.App.D.C. 318, 302 F.2d 903 (1962); Link v. Wabash R. R., 291 F.2d 542 (7th Cir. 1961), aff'd 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

■ They also make clear that dismissal is an extraordinary remedy, which should not be invoked where failure to comply is inadvertent or excusable, or when the effect would be to punish an innocent litigant for the transgressions of his lawyer. Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146 (3d Cir. 1968); Council of Federated Organizations v. Mize, 339 F.2d 898 (5th Cir. 1964); Woodham v. American Cystoscope Co., 335 F.2d 551 (5th Cir. 1964); Meeker v. Rizley, 324 F.2d 269 (10th Cir. 1963); 5 J.Moore, Federal Practice ¶ 41.12 at 1139.

■ ■ We think that the failure to comply here was not excusable. Within a few days after filing of the petition, the Rule was brought to the attention of appellant's counsel. Yet the transcript was not furnished the referee until four months later, and then only after the Trustee had made and renewed a motion to dismiss. The real reason for failure to furnish the transcript appears from the record to have been counsel's desire to avoid payment of a transcript fee in connection with the appeal.[3]

This was no inadvertent failure to comply with an unsuspected rule, *cf.* Woodham v. American Cystoscope Co., *supra.* Nor can we say that Pierce County is

3. Exhibit D, attached to the affidavit of appellee's counsel, is a letter from the attorney for the County to counsel for the Trustee. It provides in part as follows:

"As you know, the likelihood is strong that Pierce County will not pursue this appeal. In the event it does not, I wish to mitigate the cost which the County will have to bear, and am accordingly requesting [a stipulation indefinitely extending the time for filing of a transcript]."

the sort of unsophisticated client who is "compelled to rely on the assumption that a lawyer licensed by the State is competent," Statement of Black, J., on 1966 Amendments to Rules, 383 U.S. 1032, 1037 (1966), and hence needs to be protected against the mistakes of his lawyers.

Affirmed.