In re: SHAW'S PLUMBING & HEAT-
ING COMPANY, INC., Bankrupt.

HIGGINS OIL COMPANY, INC. and
Easter-Gilliam Associates,
Inc., Plaintiff,

v.

SHAW'S PLUMBING & HEATING
COMPANY, INC., Defendant.

Bankruptcy No. 75–268–A.

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 6, 1979.

Robert P. Kaase, Wytheville, Va. for plaintiff.

T. S. Dalton, Trustee, Pulaski, Va. for defendant.

## MEMORANDUM OPINION

JAMES C. TURK, Chief Judge.

Two unsecured, general creditors appeal from an order of the bankruptcy judge. These unsecured creditors, Higgins Oil Company (Higgins) and Easter-Gilliam Associates (Easter-Gilliam), contend that Galax Savings and Loan Association (Galax), a secured creditor, was overpaid after a sale of assets from the bankruptcy estate. The bankrupt is a corporation—Shaw's Plumbing & Heating Company, Inc.—of which the sole shareholder is Robert W. Shaw. Higgins and Easter-Gilliam assert that Galax was overpaid because it was permitted, they argue, to apply a portion of the funds it received on its secured claim to an individual debt of Robert W. and Juanita P. Shaw, neither of whom have sought bankruptcy relief. Higgins and Easter-Gilliam thus sought an order from the bankruptcy judge requiring Galax to refund to the trustee in bankruptcy the sum of $5,964.28, the sum which they urge represents the alleged overpayment to Galax. Although the trustee himself originally joined in the motion for a refund in the bankruptcy court, he is not a party to this appeal.

In his memorandum opinion of April 23, 1979, the bankruptcy judge found that the note giving rise to Galax's secured claim represented a consolidation loan of $115,-000.00 through which both personal and corporate debts alike were refinanced. The bankrupt corporation itself is liable on the $115,000.00 note jointly and severally along with the Shaws in their individual capacities. Higgins and Easter-Gilliam nevertheless sought an apportionment whereby an amount representing the alleged credit against the Shaws' personal liability on the note would be disallowed and returned to the trustee for distribution to the unsecured, general creditors.

In an order entered on February 2, 1979, the bankruptcy judge decided not to order the requested refund. He concluded, in effect, that Higgins and Easter-Gilliam failed to present sufficient evidence to warrant any kind of equitable marshaling.[1] He found that "the records and information available make it virtually impossible to determine any apportionment of the indebtedness. . . ."

Higgins and Easter-Gilliam sought to appeal to this court the order of February 2, 1979, but the bankruptcy judge denied their motion for leave to appeal. In an opinion dated April 23, 1979, he concluded first that the notice of appeal was not timely filed and that the tardiness was not due to "excusable neglect." Furthermore, he found that Higgins and Easter-Gilliam, as unsecured, general creditors, lacked standing to pursue the appeal.

This court is constrained to conclude that under controlling law the appeal was indeed timely filed. However, the court is in accord with the bankruptcy judge that the unsecured, general creditors here are not the proper parties to pursue this appeal. Accordingly, while the court expresses no opinion on the merits of the bankruptcy judge's order of February 2, 1979, the appeal must be dismissed.

## I. TIMELINESS OF THE APPEAL

■ Section 39c of the Bankruptcy Act, 11 U.S.C. § 67(c), and Bankruptcy Rule 802(a) require that the notice of appeal be

1. *See generally* 53 Am.Jur.2d Marshaling Assets §§ 1–43 (2d ed. 1970).

filed with the bankruptcy court within ten days of the entry of the order appealed from.[2] Here the notice of appeal was received and filed by the clerk of the bankruptcy court eleven days after the order appealed from was entered. However, that fact is not alone determinative of the timeliness of the appeal.

It is well established that the ten-day period of § 39c begins running on the date of the actual entry of the order appealed from, *Hardesty v. Keightley,* 361 F.2d 751, 753 (4th Cir. 1966), and that no additional allowance will be made for an aggrieved party's lack of actual notice of the entry of the order. *E. g., Goff v. Pfau,* 418 F.2d 649, 654 (8th Cir. 1969), *cert. denied,* 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97 (1970). But in *Matter of Pigge,* 539 F.2d 369 (4th Cir. 1976), the Fourth Circuit ruled that for the purpose of computing the timeliness of an appeal, the final day to consider is the day the notice of appeal is mailed to the bankruptcy court, not the day the notice of appeal is filed. Thus, if the notice of appeal is placed in the mails within ten days of the entry of the order appealed from, it is, under *Pigge,* timely. In this instance, counsel for Higgins and Easter-Gilliam placed the notice of appeal in the mails on February 12, 1979. Since the bankruptcy judge's order was entered on February 2, 1979, it appears, under *Pigge,* which of course is controlling here, that the notice of appeal was timely filed.[3]

## II. *STANDING TO APPEAL*

Section 39c of the Bankruptcy Act, 11 U.S.C. § 67(c), limits the right of review in the district court to "person[s] aggrieved" by an order of the bankruptcy judge. Normally, the trustee in bankruptcy is the proper party to prosecute the appeal, so that the best interests of all the creditors may be protected in an orderly fashion. Unsecured, general creditors are not free to appeal an adverse ruling of the bankruptcy court without first soliciting the trustee to bring the appeal on behalf of all creditors. *Wells v. Dickinson,* 403 F.2d 635 (6th Cir. 1968). Thus, the rule has long been that

> a general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court

2. Bankruptcy Act § 39c, 11 U.S.C. § 67(c) provides: "A person aggrieved by an order of a referee may, within ten days after the entry thereof . . . ., file with the referee a petition for review of such order." Bankruptcy Rule 802(a) provides: "The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from."

This case was commenced long before October 1, 1979, and thus is governed by the Bankruptcy Act of 1898.

3. In all fairness, it is worth observing that in *Matter of Pigge,* 539 F.2d 369 (4th Cir. 1976), the court did depart from the rather strict interpretation of Bankruptcy Act § 39c and Rule 802(a) which prevails among the courts of appeals. The court in *Pigge* relied on Bankruptcy Rule 906(e) to conclude that an appeal from an order of the bankruptcy judge is perfected upon its mailing rather than upon its filing with the bankruptcy judge. Rule 906(e), which provides that "[s]ervice or notice by mail is complete upon mailing," is a rule of general applicability. However, both the Bankruptcy Act and the Rules address the timeliness of perfecting appeals expressly. Section 39c of the Bankruptcy Act and Rule 802(a) both state that the notice of appeal is to be "filed with the referee"—not merely mailed to the bankruptcy

court—within ten days of the order appealed from. *See* note 2 *supra.* The present language of § 39c was enacted in 1960 to eliminate "uncertainty" about the finality of bankruptcy judges' orders and the timeliness of appeals taken from them. 2A *Collier on Bankruptcy* ¶ 39.20[4.1] at 1507 (14th ed. 1978) (quoting S.Rep.No. 1689, 86th Cong., 2d Sess. (1960)). The legislative history of § 39c makes it explicit that "the purpose of the [section] is to fix a definite period of time within which an application for review must be filed." *Id.* It appears that almost every court of appeals to pass on the timeliness of bankruptcy appeals since the 1960 amendments has applied § 39c and Rule 802(a) strictly and literally. *See, e. g., Matter of Best Distribution Co.,* 576 F.2d 1360 (9th Cir. 1978); *In re Abilene Flour Mills Co.,* 439 F.2d 937 (10th Cir. 1971); *In re Mutual Leasing Corp.,* 424 F.2d 999 (5th Cir. 1970); *Thorndal v. Smith, Wild, Beebe and Cades,* 339 F.2d 676 (8th Cir. 1965); *In re Acme Furnace Fitting Co.,* 302 F.2d 318 (7th Cir.) *cert. denied sub nom. Biggs v. Acme Furnace Fitting Co.,* 371 U.S. 906, 83 S.Ct. 209, 9 L.Ed.2d 168 (1962). Thus, the bankruptcy judge's reliance on the plain language of the Bankruptcy Act and Rules is not without support.

to disallow it unless [1] upon application the trustee has refused to do so and [2] the district court has authorized the creditor to proceed in the trustee's name. *Rooke v. Reliable Home Equipment Co.,* 195 F.2d 667, 668 (4th Cir. 1952) (numerals added). It is true that the trustee in bankruptcy initially joined Higgins and Easter-Gilliam in their motion seeking to compel a refund from Galax. However, nothing in the record before this court suggests that Higgins or Easter-Gilliam have called upon the trustee to appeal the bankruptcy judge's refusal to require such a refund. For that reason, this appeal must be dismissed.

Higgins and Easter-Gilliam urge that they are "aggrieved" parties within the meaning of the Bankruptcy Act because they are "injured in fact." *See In re J. M. Wells, Inc.,* 575 F.2d 329, 331 (1st Cir. 1978); *In re Harwald Co.,* 497 F.2d 443, 444 (7th Cir. 1974). Higgins and Easter-Gilliam point out that as general creditors they would receive about 25% more in dividends should they prevail and Galax be ordered to refund $5,964.28 to the trustee for the benefit of all the unsecured, general creditors. Nevertheless, the individual creditor's pecuniary interest in an appeal may be outweighed by the need to resolve bankruptcy cases expeditiously. The directness of the pecuniary interest is determinative. Thus,

although a creditor may individually appeal upon an adverse ruling against his own claim, "the trustee alone may appeal the [bankruptcy court's] allowance of claims . . . where the general creditors' interest is affected." 2A *Collier on Bankruptcy* ¶ 39.19 at 1497–98 (14th ed. 1978).

In the instant case, it is clear that Higgins and Easter-Gilliam are not complaining of erroneous allowances regarding their own claims. Their appeal implicates the interests of all the unsecured, general creditors alike. Yet they have not applied to the trustee to bring the appeal on behalf of all. Absent such an application to the trustee, Higgins and Easter-Gilliam, as unsecured, general creditors, are not the proper parties to prosecute this appeal. Because Higgins and Easter-Gilliam thus are without standing to challenge the bankruptcy judge's order of February 2, 1979, it is unnecessary to address the merits of their claim here.

Accordingly, this appeal will be DISMISSED.