**4**

Kenneth R. FOWLER and Elizabeth K. Fowler, his wife, Plaintiffs,

v.

Truman M. DODSON, IV and Truman M. Dodson, V, Defendants.

No. 22767.

United States District Court
E. D. Pennsylvania.

April 10, 1958.

See also 159 F.Supp. 101.

Karl D. Enzian, Pittsburgh, Pa., and Jos. G. Feldman, Philadelphia, Pa., for plaintiffs.

Thomas Raeburn White, Jr., Edward Greeh, White, Williams & Scott, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

Plaintiffs' counsel petition, under Fed. Rules Civ.Proc. rule 73(a), 28 U.S.C., for an extension of time within which to docket an appeal. The application is opposed by defendants. The rule permits the court to grant an extension for a period not exceeding thirty days from the expiration of the original time limit "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment".

The petition asserts that the plaintiffs' local counsel had notice of the entry of judgment on February 11, 1958, the day of its entry, and that, on the same day, he notified plaintiffs' Pittsburgh counsel. The petition further avers that plaintiffs' Pittsburgh counsel was unable to notify the plaintiffs of the judgment of dismissal until the initial thirty day period had elapsed, by reason of the absence of Pittsburgh counsel from that city and by reason of his engagement in a lengthy criminal trial in the United States District Court for the Western District of Pennsylvania.

The petition is significantly silent as to the time when Pittsburgh counsel was absent from that city and makes no effort to explain why no action was possible in his absence. We must infer that the criminal trial in the United States District Court for the Western District of Pennsylvania took place in Pittsburgh, absent any averment that it was held elsewhere in that district. On this score, too, the petition exhibits remarkable reticence. It omits to aver the dates on which Pittsburgh counsel was engaged in that trial, during what hours of such days the trial was in process, or why counsel had not ample opportunity to act or to give instructions for action before or after any daily trial sessions or on any day when the trial was recessed.

Since it is conceded that plaintiffs' Philadelphia and Pittsburgh counsel both had notice of the entry of the judgment on the very day of its entry, the vague,

indefinite, general averments of this petition make no showing of "excusable neglect".

### Order

Now, April 10, 1958, the prayer of the petition is denied and the petition for extension of time is dismissed.