John M. ENGLAND, Trustee of the Estate of Pacific Opera Company, Bankrupt, Appellant,

v.

Lorne M. STANLEY, Appellee.

No. 16832.

United States Court of Appeals
Ninth Circuit.

Dec. 13, 1960.

Shapro, Anixter & Aronson, Daniel Aronson, Jr., Burlingame, Cal., for appellant.

John R. Swendsen, San Francisco, Cal., for appellee.

Before POPE, BARNES and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal from an order made by the District Court of the Northern District of California, Southern Division, reversing and vacating the order of the referee in bankruptcy in the matter of the Estate of Pacific Opera Company, a bankrupt. This court has jurisdiction to review the order of the district court (11 U.S.C.A. § 47).

The following pertinent facts appear in the record. On February 7, 1957, one Lorne M. Stanley filed an action in the Municipal Court of the County of San Mateo, State of California, against Pacific Opera Company, a corporation, seeking the sum of $2900 claimed to be due him as attorney's fees. On the same date a writ of attachment was issued directing the sheriff of San Mateo County to levy upon the property of the Pacific Opera Company then in the possession or control of Lillian R. Dandini in San Mateo County. When the sheriff levied Mrs. Dandini stated, "I have in my possession scenery and stage props of Pacific Opera Company of the estimate value of $2,000, against which I have a claim and lien for storage in the sum of $2,000 plus interest since on or about August, 1956." Mrs. Dandini was at that time a director of Pacific Opera Company. The sheriff did not take the scenery and stage props into his possession at that time. On May 8, 1957, Stanley obtained a judgment against Pacific Opera Company in the sum of approximately $2900. On June 26, 1957, a writ of execution was issued in the state court action, directing the sheriff to sell the property, but no sale was held by reason of the fact that the sheriff had not taken it into his possession. On November 17, 1958, after notice to Mrs. Dandini, an order was made by the court requiring her to deliver up to the sheriff the property in question; and thereafter the sheriff did take possession of the property. However, the sale was prevented when the Pacific Opera Company filed a petition in bankruptcy on December 10, 1958.

Stanley filed in the bankruptcy proceedings proof of a secured claim and a petition for an order directing the sheriff to proceed with the sale on execution, and after a hearing before the referee, the latter ruled that Stanley had no valid lien on the personal property of the bankrupt. This order was made on March 12, 1959. On April 13, 1959, the district court made an order that "* * * Lorne M. Stanley may have until the 20th day of April, 1959, within which to file a petition for review of the order of the Referee in Bankruptcy filed herein March 12, 1959." On April 20, 1959, Stanley's petition for review of the referee's order was filed. On February 5, 1960, Stanley's petition for review was determined by the district court, and an order was made vacating the order of the referee.

Appellant makes two claims of error before this court: (1) that the district court was in error in holding that the purported attachment by the sheriff of

San Mateo County was valid and created a lien in favor of Stanley; and (2) that the district judge did not have jurisdiction to hear and determine Stanley's petition for review. We shall consider the claims of appellant in the above order.

The question to be decided under appellant's first point is whether the action of the sheriff in serving the writ of attachment and notice upon Lillian M. Dandini on February 14, 1957, twenty-two months before Pacific Opera Company filed for bankruptcy, created a valid lien in favor of Stanley.

The pertinent provisions of the California Code of Civil Procedure concerning the methods of levying an attachment are as follows:

Section 542 C.C.P. "The sheriff * * * must, upon receipt of instructions in writing, signed by the plaintiff or his attorney of record, and containing a description of the property, * * * execute the same without delay, and if the undertaking mentioned in Section 540 of this code be not given, as follows:

\* \* \* \* \* \*

"(3) Personal property, capable of manual delivery, *in the possession of the defendant*, must be attached by taking it into custody."

Section 543 C.C.P. "Upon receiving information in writing from the plaintiff or his attorney, that *any person has in his possession*, or under his control, any credits or other *personal property belonging to the defendant*, * * * the sheriff * * * must serve upon such person a copy of the writ, and a notice that such credits, or other property or debts, as the case may be, are attached in pursuance of such writ * * *." [Emphasis added.]

The facts indicate that during 1956 the Pacific Opera Company, a non-profit corporation, owned certain scenery which was stored with the City Storage Company. Storage charges had accumulated over some years, and the storage company was threatening to foreclose its lien. Mrs. Dandini, who was a member of the Board of Directors of Pacific Opera Company participated in a discussion at the board meeting; and after being told that she would be subrogated to the lien of the storage company, she went to the storage company, paid the charges that were due, and had the scenery transferred to her home. When the sheriff came in February of 1957 and served the writ of attachment on her, she made the statement which has been set out above, claiming a lien on the property.

Under § 542, subd. 3, C.C.P., if the property was in the possession of the defendant, the sheriff should have taken it into custody. Under § 543, C.C.P., when "any person has in his possession, or under his control, * * * personal property belonging to the defendant * * *" it is sufficient to make a valid attachment that the sheriff serve upon such person a copy of the writ and a notice that the property is attached. Constructora, S.A. v. Shepherd, D.C.S.D.Cal.1953, 112 F. Supp. 935.

The referee in the course of the bankruptcy proceedings determined that since Mrs. Dandini was a director of the bankrupt corporation her possession was possession by the bankrupt; and that therefore, because the sheriff had not taken the property into his custody at the time of the attachment, Stanley had no valid lien on the property.

We do not agree.

The fact that she claimed a lien on the property at the time of the attachment, even though this claim might later be found invalid, shows she was acting in her own behalf and that she was not claiming possession on behalf of Pacific Opera Company.[1] The language of § 543 C.C.P. is very broad. It states, "any person (having) in his possession * * *." Certainly Mrs. Dandini came within this description after she stated to the sheriff that she held the property in her own

---

1. The record shows that she continued to assert her claim in the bankruptcy proceedings until the referee held against her.

right and not merely as an agent of the Pacific Opera Company. Section 543 was designed for just such a situation as that presented by this case. It provides a means for making an attachment without requiring the sheriff to act at his peril in making a determination as to whether property physically in the possession of one person might legally be said to be in the possession of another.

We agree with the holding of the district court that the referee was in error in holding that there was no valid attachment. It follows that Stanley has a valid lien on the property of the Pacific Opera Company.[2]

█ Under point two appellant claims that the district court had no jurisdiction to issue its order of April 13, 1959, extending Stanley's time to file a petition for review. Appellant calls attention to "Rules of Practice, United States District Court Bankruptcy Rule 3, Applications for Orders to be Made to Referee," reading as follows:

"After a proceeding has been referred generally to a Referee, all applications for orders within the Referee's jurisdiction shall be made to the Referee, except as otherwise provided in Bankruptcy Rule 10a of this Court. The Judges shall refuse to hear such applications unless the Referee is absent and no other Referee is available."

Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c reads as follows:

"A person aggrieved by an order of a referee may, within ten days after entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review * * *."

It is appellant's position that since no order extending time was made within the ten-day period following the referee's order, the district court had no jurisdiction to extend appellant's time.[3] We do not agree. On April 13, 1959, the district court granted Stanley an extension of time until April 20, 1959, in order that he might file the petition for review. The petition was filed within that time. The power of the district court to consider petitions filed out of time was considered by the Supreme Court in Pfister v. Northern Illinois Finance Corp., 1942, 317 U.S. 144, at page 153, 63 S.Ct. 133, 139, 87 L.Ed. 146. The Court there said:

"We do not think Section 39(c) was intended to be a limitation on the sound discretion of the bankruptcy court to permit the filing of petitions for review after the expiration of the period. The power in the bankruptcy court to review orders of the referee is unqualifiedly given in Section 2(10). The language quoted from Section 39(c) is rather a limitation on the 'person aggrieved' to file such a petition as a matter of right.

"The review out of time of the Commissioner's orders is then a matter for the discretion of the District Court."

We hold that in this case the district court had jurisdiction to hear and to determine the petition for review filed by Stanley.

Judgment affirmed.

---

2. Appellant conceded in the bankruptcy court that "if the levy of attachment was sufficient then the fact that the levy of execution was made within four months of the filing of the petition for bankruptcy is of no consequence since it is conceded by the receiver that the lien of the levy of execution upon this property relates back to the levy of attachment."

3. Appellant's reliance in Bookey v. King, 9 Cir., 1956, 236 F.2d 871, is misplaced. The facts in that case show that the order of the referee was ignored for a period of some eight months before the petition for review was filed.