**In the Matter of Robert Lee BENEFIEL, Bankrupt.**

**C. R. SHANNON and Jack Shannon, dba C. J. Shannon and Sons, Petitioners,**

**v.**

**Robert L. BENEFIEL, Respondent.**

**No. 72–220.**

United States District Court,
D. Idaho.

Feb. 22, 1973.

Paul M. Beeks, Kramer, Plankey, Smith & Beeks, Twin Falls, Idaho, for petitioners.

Lloyd J. Webb, Webb, Pike, Burton & Carlson, Twin Falls, Idaho, for respondent.

J. BLAINE ANDERSON, District Judge.

On June 8, 1972, a hearing was held before the Referee in Bankruptcy to determine the dischargeability of debts owing from the bankrupt-respondent to the petitioners. Further hearing on the matter was heard on October 17, 1972, and the referee thereafter decided that the debts were the result of false representations made by the respondent and hence were not dischargeable under section 17(a)(2) of the Bankruptcy Act. The referee rendered and served his memorandum decision on November 10, 1972, and an order of nondischargeability was entered accordingly in the bankruptcy court on December 4, 1972. Bankrupt's counsel approved the form of this order November 28, 1972, and was orally advised of the date of its entry on December 7 and again on December 11, 1972. Respondent then filed a petition for review of the referee's order on December 15, 1972. Currently before this court is petitioners' motion to dismiss the petition for review as being filed untimely.

Title 11 U.S.C.A. § 67(c) (Section 39(c) of the Bankruptcy Act) requires that a person aggrieved by the referee's order may petition for review within ten days of the order or within such extended time as the court, upon petition filed within such ten-day period for cause shown, may allow. Said section provides the exclusive authority for this court to review the referee's orders.

Petitioners (Shannon) question the jurisdiction of a judge of this court to review the referee's order of December 4, 1972, and have filed a memoranda of authorities in support thereof. Bankrupt, Benefiel, petitioning for review, has filed no supporting argument or authority and the time for such filing has long since expired.

Section 67(c) was amended by Congress in 1960 in an attempt to instill finality in the referee's order. Prior to 1960 it was fairly well established that the district court had the discretionary authority to hear the petition after the ten-day period had expired. Pfister v. Northern Illinois Finance Corp., 317 U. S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942). At least one district court since the 1960 amendments has held that it still can hear an untimely filed petition as a matter of sound discretion. In re Terrace Superette, Inc., 229 F.Supp. 371, 375 (D.C.Wis.1964). However, the greater weight of authority seems to hold that the effect of the 1960 amendments was to remove the discretion of the district court to review untimely filed petitions. This matter is thoroughly discussed in In re Harnik, 207 F.Supp. 325 (D.C.Ark.1962). The court in *Harnik* held that a petition for review filed two days late could not be entertained by the district court. Other sources to the same effect are: In re Acme Furnace Fitting Company, 302 F. 2d 318 (7th Cir. 1962); Goff v. Pfau, 418 F.2d 649, 654 (8th Cir. 1969); Rollins Construction Company v. Hoffman, 390 F.2d 660 (5th Cir. 1968); 2 Collier Bankruptcy, § 39.01, at 133 (14th Ed. Supp.1960); 8 Remington on Bankruptcy (6th Ed.) § 3406, 1962 Supp.

The Ninth Circuit position seems unclear. In the case of Bookey v. King, 236 F.2d 871 (1956), the court held that the filing of a petition for review eight months late would not be considered and stated that the ten-day filing period was "imperative". The only other Ninth Circuit case is that of England v. Stanley, 284 F.2d 700 (1960). *England* clarified *Bookey*, supra, and stated that re-

view by the district court was still a matter of discretion when petition for review is untimely filed. They relied on the old Supreme Court case of Pfister v. Northern Illinois Finance Corp. (1942), supra, as well as the language of § 67(c) *prior* to the 1960 amendments. It would appear that the court in *England* relied on the old statute by mistake. Therefore, its authority would be questionable and out of line with modern authorities. The case has never been cited.

The order which the bankrupt seeks to review was filed on December 4, 1972. He filed his petition for review on December 15, 1972, eleven days after the filing of the referee's order. In accordance with the strict reading of § 67(c) as noted in the decisions above and the Congressional intent expressed therein, this court is precluded from hearing the petition and the motion to dismiss should be, and therefore is, granted.