**In the Matter of Robert Lee BENEFIEL, Bankrupt.**

**C. R. SHANNON and Jack Shannon, dba C. J. Shannon and Sons, Petitioners-Appellees,**

**v.**

**Robert Lee BENEFIEL, Bankrupt-Appellant.**

**No. 73–1908.**

United States Court of Appeals, Ninth Circuit.

July 22, 1974.

---

Lloyd J. Webb, Webb, Pike, Burton & Carlson, Twin Falls, Idaho, for bankrupt-appellant.

Paul M. Beeks, Kramer, Plankey, Smith & Beeks, Twin Falls, Idaho, for petitioners-appellees.

Before MERRILL, KILKENNY and CHOY, Circuit Judges.

## OPINION

PER CURIAM:

The sole issue in this appeal is whether a petition for review of a referee's decision was properly dismissed by the district court as out of time under the relevant statute, or whether, contrary to its holding, the district court under the statute possessed and ought to have exercised discretion as to whether to consider the petition despite its tardiness.

Appellee, a creditor, filed a petition to determine dischargeability of a debt.

On December 4, 1972, following hearings, the referee entered a decree of nondischargeability. On December 15 the bankrupt's petition for review of the referee's decree was filed in the district court. The petition was dated December 13, and was placed in the mail on that day.

Appellee moved to dismiss the petition for review on the ground of untimeliness. The district court, applying § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), granted the motion.

Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), provides in relevant part:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court *upon petition filed within such ten-day period* may for cause shown allow, file with the referee a petition for review of such order by a judge * * *. * * * *Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final.*"

The portion in italics was added by amendment in 1960. Act of July 14, 1960, Pub.L.No.86-662, 86th Cong., 2d Sess., 74 Stat. 528.

■■ It is not disputed that the petition for review in this case was filed eleven days after entry of the referee's order, as time is computed in applying this section. In terms of the statute, then, the petition was untimely and the referee's order became final. Nevertheless, it is appellant's position that the district court "had jurisdiction and discretion to consider the petition."

Appellant relies mainly on Pfister v. Northern Illinois Finance Corp., 317 U. S. 144, 153, 63 S.Ct. 133, 87 L.Ed. 146 (1942), and cases following, especially England v. Stanley, 284 F.2d 700, 703 (9th Cir. 1960). However, the purpose of the 1960 amendments to § 39(c), *supra,* as shown by the legislative history, was to overrule *Pfister* and thus to lend

certainty as to finality of referees' orders. *See, e. g.,* S.Rep.No.1689, 86th Cong., 2d Sess.; 1960 U.S.Code Cong. & Admin.News, vol. 2, at 3194–3195. *See also* St. Regis Paper Co. v. Jackson, 369 F.2d 136, 137–138 (5th Cir. 1966); 2 Collier on Bankruptcy ¶ 39.20 [3], [4.1] (1974). To the same effect are In re Charmar Investment Co., 475 F.2d 560, 563–564 (6th Cir.), cert. denied, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973); Goff v. Pfau, 418 F.2d 649 (8th Cir. 1969), cert. denied, 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97 (1970); In re Imperial "400" National, Inc., 391 F.2d 163, 168–169 (3d Cir. 1968).

Judgment affirmed.