**In the Matter of GREAT WESTERN RANCHES, INC., Debtor.**

**FIRST NATIONAL PARK BANK OF LIVINGSTON, MONTANA, Claimant-Appellant,**

v.

**Stuart M. KAPLAN, Trustee-Appellee.**

**Robert L. BEERY, Petitioner-Appellant,**

v.

**Stuart M. KAPLAN, Trustee-Appellee.**

**Nos. 73–2564, 73–3236.**

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1975.

Nick J. Colessides, Salt Lake City, Utah, for appellants.

Henry Goss, San Francisco, Cal., for trustee-appellee.

Before ELY and CARTER, Circuit Judges, and LANE *, Judge, Court of Customs and Patent Appeals.

## OPINION

PER CURIAM:

Claimant-appellant First National Park Bank of Livingston, Montana ("the Bank") appeals from the dismissal by the district court of its petition for review of a referee's decision in bankruptcy, for failure to file the petition within the ten days mandated by 11 U.S.C. § 67(c). We affirm.[1]

The Bank filed a claim for $95,857.10 in the bankruptcy proceedings of the debtor, Great Western Ranches, Inc. The appellee, the Trustee for the debtor, objected to this claim and, in addition, asserted certain counterclaims against two officials of the Bank. The referee ruled in favor of the Trustee on both

---

* Honorable Donald E. Lane, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. Although Robert L. Beery initially filed a notice of appeal, he has since abandoned that appeal and we therefore dismiss.

issues, and following a hearing on December 7, 1972, filed Findings of Fact and Conclusions of Law. On December 13, 1972, the referee signed a formal judgment dismissing the Bank's claim and awarding the Trustee judgment on the counterclaim. On that same day, the judgment was entered on the referee's docket and a copy of the judgment was sent to counsel of record, including the Bank's counsel. The Bank's counsel submitted an affidavit stating that the Bank was first notified of the existence of the judgment by the district court clerk on December 27, 1972, and that he personally received written notice on December 30, 1972. The referee's judgment was entered on the civil docket by the clerk of the district court on January 9, 1973.

The Bank filed on January 10, 1973 a motion for a new trial or in the alternative to reopen the case. Subsequently, on January 19, 1973, the Bank and its officials petitioned for review by the district court of the referee's judgment. The Trustee submitted a motion to dismiss the petition, because it was untimely under 11 U.S.C. § 67(c). The district court granted the Trustee's motion to dismiss, and this appeal ensued.

■ The controlling statutory provision, 11 U.S.C. § 67(c), provides in part:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final."

The Bank's argument that the ten-day review period was initiated by the January 9th entry on the civil docket of the district court rather than the December 13th entry on the referee's docket is incorrect. The applicable bankruptcy rules [2] indicate that the district court and the referee are to keep separate dockets with different entry requirements in bankruptcy matters.[3]

The Bank contends, however, that General Order No. 37 [4] makes applicable the docket entry procedure of Fed.R.

**2.** The Supreme Court's General Orders and Forms in Bankruptcy have been abrogated by the new Bankruptcy Rules and Official Bankruptcy Forms, effective October 1, 1973. Since the present proceedings occurred prior to this date, the old rules and forms are applicable.

**3.** General Orders in Bankruptcy, No. 1 provided:

"The clerk of the district court shall keep a docket, in which the cases shall be entered and numbered in the order in which they are commenced. It shall contain an entry of the filing of the petition and of the action of the judge or clerk of the district court thereon; of the reference of the case, if any reference is made, to a referee; of the transmission of the referee's certified record of the proceedings; and of all proceedings in the case except those duly entered on the referee's docket. The clerk's docket shall be arranged in a manner convenient for reference, and shall at all times be open to public inspection. . . .

"The referee, in each case referred to him, shall keep a docket sheet of all proceedings before him substantially in the manner indicated by Form No. 70. The referee's docket shall at all times be open to public inspection. The original referee's docket sheet shall be transmitted to the clerk of the district court for preservation by him when the case is closed."
*See also* General Forms in Bankruptcy, Form No. 70.

**4.** General Orders in Bankruptcy, No. 37 provided:

"In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, insofar as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding."

Civ.P. 79(a);[5] that the entry by the referee was inadequate to satisfy Fed.R.Civ.P. 79(a); and that therefore the January 9th entry on the district court docket initiated the ten-day period.

We find it unnecessary to reach this issue. Whether or not Fed.R.Civ.P. 79(a) is applicable to entries in both the district court's and referee's dockets, and whether or not the December 13th entry by the referee was so non-informative as to fail to commence the ten-day period, *see, e. g.,* Reynolds v. Wade, 241 F.2d 208 (9 Cir. 1957), the December 13th notation of the referee's Order on the district court's docket was sufficient to commence the ten-day period.[6] The fact (if true) that the Bank and its counsel received notice of the December 13th Order on December 27 and 30 (after the ten-day period) is of little consequence because the petition for review was not filed within ten days after either of those dates.

Since the Bank's January 10 motion for new trial and January 18 request for an extension of the time in which to file a petition for review also fell outside the ten-day period, they did not comport with the statutory requirements of 11 U.S.C. § 67(c) and are therefore also untimely. *See* Goff v. Pfau, 418 F.2d 649, 652–654 (8 Cir. 1969), cert. denied, 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97 (1970).

Nor is the dismissal of the Bank's petition for review unduly harsh or inequitable. This court has determined that Congress intended the ten-day requirement to be strictly construed and com-

pulsorily applied. *See* In the Matter of Robert Lee Benefiel, 500 F.2d 1219 (9 Cir. 1974).

Affirmed.

---

5. Fed.R.Civ.P. 79(a) provides in pertinent part:

"The clerk shall keep a book known as 'civil docket' . . .. All . . . judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court . . .. The entry of an order or judgment shall show the date the entry is made."

6. The district court docket entries for December 13 and January 9 read:

"Dec 13 961 Filed/Judgment. that the Claiment's [sic] claim herein be dissm. on the merits, and is further ordered that the trustees counterclaim is granted."

"Jan 9 Entered Judgment, Filed Judgment Jan 9, 1973 Noticed Entry of Judgment"