In re DAHNKEN'S OF SANTA BAR-
BARA, INC., fdba Dahnken of Santa
Barbara, Dahnken of Ventura, and
Dahnken of Thousand Oaks, Debtor.

DAHNKEN'S OF SANTA BARBARA,
INC., fdba Dahnken of Santa Barbara,
Dahnken of Ventura, and Dahnken of
Thousand Oaks, Appellant,

v.

MARSH INDUSTRIES; William Schneid-
er, Inc.; David Klein, Inc.; and N.
Budoff & Son, Inc., Appellees.

BAP No. 80–0017 DHG.

Bankruptcy No. 80–03042 (LA).

United States Bankruptcy Appellate Pan-
els,
Ninth Circuit.

Argued Nov. 20, 1980.

Decided April 30, 1981.

S. David Schwartz, Santa Barbara, Cal., for appellant.

Peter Susi, Santa Barbara, Cal., for appellees.

Before DAVIS, HUGHES and GEORGE, Bankruptcy Judges.

## MEMORANDUM OF OPINION

EDWARD E. DAVIS, Bankruptcy Judge:

This appeal arises from the bankruptcy court's entry of an order for relief in an involuntary case against the debtor, Dahnken's of Santa Barbara, Inc., appellant herein. The issues raised by the appellant concern the timeliness of its notice of appeal and the propriety of the court's final denial of its motion to extend the time within which it could perfect its appeal.

On April 10, 1980 an involuntary petition for an order of relief was filed against the debtor. The debtor filed an answer controverting the petition and moved to dismiss the case. Trial on the contested petition was held on May 23, 1980, at the conclusion of which the bankruptcy judge announced his intended findings of fact and conclusions of law and informed the parties that an order for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701–66 (1978), would be entered that day. The court entered its order for relief on the civil docket that same day; however, its written memorandum of decision, which contained findings of fact and conclusions of law, was not entered until June 18, 1980.

On June 3, 1980, 11 days after the order for relief was entered, the debtor filed with the bankruptcy court a notice of appeal and a motion requesting an extension of time within which to file its notice of appeal pursuant to Fed.R.Bankr. 802(c). In its motion to extend the debtor alleged that it postponed filing notice of appeal because it was awaiting entry of a written memorandum of opinion and thus the delay was resulted from excusable neglect. The following day, June 4th, the bankruptcy court entered an order denying the debtor's motion to extend the time for filing notice of appeal because it was not timely having been filed more than 10 days after entry of judgment. Within 10 days after entry of the June 4, 1980 order denying the requested extension, the debtor filed a notice of appeal from both the May 23rd order and the June 4th order.

The appellant asserts that its June 3, 1980 notice of appeal was timely since the order entered by the bankruptcy court on May 23, 1980 did not become final until June 28, 1980, 10 days after the court entered its written memorandum of decision containing findings of fact and conclusions of law. Alternatively, the appellant claims that it delayed its request for additional time to file its notice of appeal because it was waiting for the court's findings and its delay, therefore, constituted excusable neglect.

Rule 752(a), Fed.R.Bankr.P., provides that "[i]n all matters tried upon the facts without a jury or with an advisory jury, the court shall find the facts and state separately its conclusions of law thereon . . . ." The court's findings and conclusions may be entered in the form of an opinion or memorandum of decision. *Id.* Although it is the better practice for a court to enter its order or judgment and its findings of fact and conclusions of law simultaneously, its failure to do so does not delay finality of the order nor does it toll the running of the time within which an appeal must be perfected. Entry of findings and conclusions by the bankruptcy court is not a jurisdictional requisite for appeal, rather the entry of findings and conclusions is intended to facilitate appellate review. Failure to file findings of fact and conclusions of law does not preclude

review by an appellate court where the record before the court provides an adequate basis for review. *See, e. g., Armstrong v. Collier*, 536 F.2d 72, 77 (5th Cir. 1976); *Swanson v. Levy*, 509 F.2d 859, 860–61 (9th Cir. 1975) (both cases discuss Fed.R. Civ.P. 52(a), from which Fed.R.Bankr.P. 752(a) is adapted).

Thus, appellant's assertion that the bankruptcy court's failure to enter written findings of fact and conclusions of law concurrently with its order delayed finality of that order and therefore the time for perfecting an appeal did not begin to run until the court's written memorandum of opinion was entered is without merit.

The procedures and time limitations that govern perfection of an appeal from a bankruptcy court's order are established by Fed.R.Bankr.P. 802. The rule mandates that a notice of appeal may be extended to 30 days from the date of entry of judgment upon a party's request. A party seeking an extension of time for filing a notice of appeal must make its request for extension by filing a motion to extend with the bankruptcy court within the initial 10 day period following entry of the judgment or order appealed from. *See* Fed.R.Bankr.P. 802, Advisory Committee's Note; Fed.R. Bankr.P. 901(9). However, upon a showing of excusable neglect, a request for additional time made after the expiration of the ten day period may be granted. *Id.* at 802(c). *See also Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir. 1977).

■ The Ninth Circuit Court of Appeals addressed the standard of excusable neglect intended by Fed.R.Bankr.P. 802(c) in *In re Butler's Tire & Battery Co.*, 592 F.2d 1028 (9th Cir. 1979). In the *Butler* Case the appellant filed a motion for an allowance of additional time 20 days after entry of the order sought to be appealed. Counsel for the appellant claimed that the delay resulted from his ignorance of the time limitations and from the unavailability of the only corporate officer empowered to authorize appeal. Emphasizing that mere negligence is insufficient, the court pointed out that an untimely request for an extension

of time may be granted only upon a finding that the delay in making the request resulted from excusable neglect. Grant of a request for an extension of time is reversible on appeal only where the court finds that the trial court abused its discretion in granting the request. *Id.* at 1032. The court in the *Butler* Case held that the trial court had wrongly concluded that the tardy filing was the result of excusable neglect and had abused its discretion in granting additional time. *Id.* at 1032. The court's holding suggests that the standard of excusable neglect is narrowly applied and generally will be satisfied only where the appellant was unaware that judgment was entered or in extraordinary circumstances where injustice would otherwise result. *Accord, In re W. T. Grant Co.*, 425 F.Supp. 565, 569 (S.D.N.Y.1976), *aff'd without opinion, Berger v. Rodman*, 559 F.2d 1202 (2d Cir. 1977). *See also In re Great Western Ranches, Inc.*, 511 F.2d 1021, 1024 (9th Cir. 1975).

■ Appellant's claim that it delayed filing of a notice of appeal because written findings of fact and conclusions of law had not been entered does not establish excusable neglect. Even though the bankruptcy court did not enter its written memorandum of opinion until after the time for filing a notice of appeal had passed, it did announce its intended findings of fact and conclusions of law at the end of the trial. The court's denial of appellant's request for an extension of time was not an abuse of the discretion vested in it by Fed.R. Bankr.P. 802(c).

■ Likewise, appellant's assertion that its notice of appeal and request for an extension were timely since they were deposited in the mail within the applicable time limit is devoid of merit. Rule 802(a), (c) requires that notice of appeal be filed with or a request for an extension be made to the bankruptcy court within 10 days after entry of the order appealed from. Notice of appeal is complete upon filing, not upon mailing. *In re Ramsey*, 612 F.2d 1220, 1223 (9th Cir. 1980). *Contra, In re Pigge*, 539 F.2d 369, 371 (4th Cir. 1976) (applying mailbox rule in Fourth Circuit).

Having concluded that the bankruptcy court did not abuse its discretion in denying the appellant's request for an extension of time to file notice of appeal, the panel is without jurisdiction to consider the numerous substantive issues raised by the appellant concerning the court's entry of an involuntary order for relief against the debtor on May 23, 1980. Although the notice of appeal from the court's order of June 4th, 1980, denying an extension, was timely, it did not preserve the appellate panel's jurisdiction to consider the merits of the issues raised by appellant in regard to the bankruptcy court's order of May 23, 1980, from which the notice of appeal was untimely. *See Bernards v. Johnson*, 314 U.S. 19, 31, 62 S.Ct. 30, 36, 86 L.Ed. 11 (1941).

Affirmed.

HUGHES, Bankruptcy Judge, concurring:

I concur. I believe, however, that excusable neglect was established for purposes of extending time to appeal. Where, as here, findings of fact were required, requested and promised, in my opinion the trial judge had the discretion to extend time to appeal on the eleventh day after entry of judgment when findings were not to be forthcoming for two more weeks. But excusable neglect only permits the judge to exercise his discretion. Bankruptcy Rule 802(c). It cannot be said that denial of the extension constituted an abuse of discretion in view of the reasons given by the judge.