**In re METRO PAPER COMPANY, INC., Debtor.**

**Robert O. TYLER, Trustee in Bankruptcy, Plaintiff,**

v.

**CAPITOL CHEMICAL INDUSTRIES, INC., Defendant.**

**Bankruptcy No. 80–00348.**
**Adv. No. 81–0059.**

United States Bankruptcy Court, District of Columbia.

March 9, 1982.

Robert O. Tyler, trustee pro se.

Neal Melnick, Weinberger & Weinstock, Baltimore, Md., for defendant Capital Chemical Industries.

MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

(Order Denying Motion to Extend Time for the Filing of Appeal)

The record before this Court discloses that the notice of appeal filed in this case was filed late. On February 8, 1982, the defendant, Capitol Chemical Industries, Inc., filed a notice of appeal from an order and judgment of this Court dated and entered on January 26, 1982. Bankruptcy Rule 802(a) specifically mandates that all notices of appeal be filed "within 10 days of the date of the entry of the judgment or order appealed from." The ten-day period for the filing of an appeal in this proceeding therefore expired on February 5, 1982. *See* Bankruptcy Rule 802(a) and Bankruptcy Rule 906(a). Although erroneously accepted by the Clerk of the Bankruptcy Court on February 8, 1982, this Court specifically raised the issue of late filing with respect to a motion for stay pending appeal which was filed on February 8, 1982, and heard in court on February 25, 1982. Based on this Court's oral ruling at that hearing, which specifically noted the late filing and the consequent lack of jurisdiction on this Court's part to entertain a motion for stay, the defendant thereupon filed this motion to extend the time for the filing of the appeal on March 3, 1982. The issue, therefore, before the Court is whether the facts alleged [1] in the context of this proceeding constitutes excusable neglect within the

---

1. "On the date of entry of the Order, counsel for the Defendant was en route to Miami, Florida and did not return until Thursday, January 28th and was absent from his office on January 29th, 1982.

"That inadvertently, counsel for the Defendant miscalculated the ten (10) day period to fall on Saturday, February 6, 1982 which, pursuant to Federal Rule of Civil Procedure 6(a) required the filing of the Notice for Appeal on February 8, 1982." Motion to Extend Time for the Filing of Appeal at 1.

meaning and purview of Bankruptcy Rule 802(c).[2]

This Court, after a review of the pending motion and the record before this Court[3], concludes that the circumstances present in this proceeding do not constitute excusable neglect. This conclusion is based upon the fact that the attorney of record for the defendant had adequate time within which to note the appeal and the fact that the time period was miscalculated does not in any way constitute excusable neglect within the meaning of decided cases. *See Fowler v. Dodson*, 22 F.R.D. 4 (E.D.Pa.1958); *Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964) and *Estate of Butler's Tire & Battery Co. v. Ferrous Financial Services*, 592 F.2d 1028 (9th Cir. 1979).

For the aforegoing reasons, this Court will enter a separate order denying the motion to extend time for the filing of appeal.

---

**2.** The relevant provisions of Bankruptcy Rule 802(c) provide that:

"A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property."

**3.** The Court's established practice with reference to all orders and judgment entered in adversary proceedings of this nature is to telephonically contact counsel of the entry date of such order and/or judgment. This was specifically done by the Court's law clerk, Susan A. Griisser, in this adversary proceeding on January 26, 1982, when a telephone call was placed to both counsel. In the case of defendant's counsel, Neal S. Melnick, a message was left with counsel's secretary to the effect that the order and judgment had been entered on the aforesaid date.