In re Alexis Marshal FISHER, Debtor.

The FEDERAL LAND BANK OF COLUMBIA, Plaintiff,

v.

Alexis Marshal FISHER, Defendant.

Bankruptcy No. 82–00506N.
Adv. No. 83–0013N.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Sept. 26, 1986.

William H. Blalock, Stewart, Melvin & House, Gainesville, Ga., for The Federal Land Bank of Columbia.

Herbert C. Broadfoot II, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for Alexis Marshal Fisher.

W. HOMER DRAKE, Jr., Bankruptcy Judge.

### ORDER

On September 5, 1986, this Court entered an Order and Judgment declaring defendant's debt to plaintiff to be dischargeable. The Order was filed on the same date. On September 16, 1986, plaintiff filed its Notice of Appeal with the Clerk of the Bankruptcy Court. On request of the Court, both parties have filed briefs on the issue of timeliness of plaintiff's Notice of Appeal. Plaintiff has also filed a motion for extension of time to file the Notice of Appeal.

28 U.S.C. § 158(c) provides that an appeal from a final judgment of the bankruptcy judge shall be taken in the time provided by Rule 8002 of the Bankruptcy Rules. This Rule provides: "The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from." Bankr.R. 8002(a). The Advisory Committee Note to the Rule describes it as an "adaptation" of Rule 4(a) of the Federal Rules of Appellate Procedure and states that the rationale for the ten-day period is the importance of prompt appellate review to the administration of a bankruptcy case.

Bankruptcy Rule 9006(a) provides the method for computation of any period of time allowed by the Rules. The Rule states that the day of the event on which the period of time in question begins to run shall not be included in the computation but that the last day of the period shall be included. The Rule also provides: "When the period of time prescribed and allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Bankr.R. 9006(a). The Advisory Committee Note to the Rule states that it is an adaptation of Rule 6 of the Federal Rules of Civil Procedure.

Prior to its amendment in August, 1985, Rule 6(a) Fed.R.Civ.P. had the same provision for exclusion of Saturdays, Sundays, and holidays to the computation of time periods of less than seven days. As amended, the Rule extended the exclusion to periods of less than eleven days. Plaintiff argues that its Notice of Appeal was timely under Fed.R.Civ.P. 6(a), since the final day of the ten-day period following September 5, 1986 would be September 19, 1986 if intermediate Saturdays and Sundays are excluded from the computation.

Defendant counters that Bankruptcy Rule 9006(a) was not amended as Fed.R.Civ.P. 6(a) was and that Fed.R.Civ.P. 6(a) does not supersede Bankruptcy Rule 9006(a). Under the computation provided by the Bankruptcy Rule, the final day of the ten-day period would be September 15, 1986. The Court agrees that the Bankruptcy Rule is controlling here.

While various Rules of Civil Procedure are specifically made applicable to bankruptcy cases and proceedings by the Bankruptcy Rules, the Federal Rules of Civil Procedure " ... do not apply to proceedings in bankruptcy ... except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." Fed.R.Civ.P. 81(a)(1).

Compliance with the ten-day filing Rule is a jurisdictional requirement, and

the District Court lacks jurisdiction of an appeal which is not timely filed. *In re Universal Minerals, Inc.*, 755 F.2d 309 (3d Cir.1985); *Matter of Robinson*, 640 F.2d 737 (5th Cir.1981) (notice of appeal filed one day after ten-day period). Thus, plaintiff's notice of appeal is not timely. Although the Court prefers that matters be heard on their merits, there must necessarily be adherence to "orderly procedural require-ments." *Goff v. Pfau*, 418 F.2d 649, 654 (8th Cir.1969), *cert. denied*, 398 U.S. 931, *rehearing denied*, 399 U.S. 917, 90 S.Ct. 2212, 26 L.Ed.2d 577 (1970).

The cases cited by plaintiff deal with the situation where the tenth day of the period fell on a weekend or legal holiday. *See In re LaFortune*, 652 F.2d 842 (9th Cir.1981). Also, the fact that numerous cases cite Fed.R.Civ.P. 6(a) together with Bankr.R. 9006(a) does not mean Rule 6(a) is control-ling when the two are in conflict. The Rules are cited together only because of their similarity in as much as Bankr.R. 9006 is an "adaptation" of Rule 6, Fed.R. Civ.P.

Plaintiff argues that it is entitled to an extension of time for filing its Notice of Appeal because of "excusable neglect." Bankruptcy Rule 8002(c) provides that a request for extension of time must be filed before the expiration of the ten-day period except that a request made not more than 20 days after the period may be granted upon a showing of excusable neglect.

 Plaintiff's attorneys state that they received a copy of the September 5 Order on Wednesday, September 10. Although there were then three (3) weekdays left in the ten-day period in which to file a simple request for an extension of time, plaintiff did not so request and offers as an excuse only its error in interpretation of the Rules. However, mere misinterpretation is not sufficient to show excusable neglect. *See Matter of Estate of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028 (9th Cir.1979) (finding an abuse of discretion for a bank-ruptcy court to grant a request for exten-sion of time where nothing precluded coun-sel from filing the request on time except a

misunderstanding of the rules); *Lee v. Jones (In re Lee)*, Adv. No. 85–0107A, Case No. A84–04976–WHD (Bankr.N.D.Ga. Au-gust 28, 1985 (law clerk's ignorance of time limits does not constitute excusable ne-glect); *In re Metro Paper Co., Inc.*, 18 B.R. 831 (Bankr.D.C.1982) (miscalculation of time period is not excusable neglect).

Accordingly, plaintiff's Notice of Appeal is held untimely, and it is ORDERED that plaintiff's motion for extension of time be DENIED.