### In re PERNIE BAILEY DRILLING COMPANY, INC., Debtor.

### Hugh William THISTLETHWAITE, Jr., Trustee of Pernie Bailey Drilling Company, Inc., Plaintiff,

### v.

### FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of First RepublicBank Houston N.A., Surviving Entity Following Merger with Interfirst Bank Fannin, Defendant.

**Bankruptcy No. 486–00380–LO–7.**
**Adv. No. 87–AV–50150.**

United States Bankruptcy Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Oct. 6, 1989.

See also, Bkrtcy., 111 B.R. 565.

Thomas G. Gruenert, Houston, Tex., for debtor.

Hugh Wm. Thistlethwaite, trustee.

Jack Caldwell, New Orleans, La., for trustee.

Bruce Ruzinsky, Houston, Tex., and Robert O. Thomas, for NCNB Texas Nat. Bank.

ORDER (WITH REASONS) VACATING AND SETTING ASIDE ORDER FILED AUGUST 31, 1989, DEEMING NOTICE OF APPEAL FILED BY NCNB TEXAS NATIONAL BANK AS TIMELY FILED

W. DONALD BOE, Jr., Bankruptcy Judge.

This Court by Memorandum Opinion and separate Order entered on the docket on July 27, 1989, 105 B.R. 357, denied the Motion of NCNB Texas National Bank filed February 25, 1989 which sought leave to amend what it claimed was an informal proof of claim. The Memorandum Opinion concluded that the Bank had no informal proof of claim to which the attempted amendment could relate back. The Bank filed a Notice of Appeal on August 11, 1989, which under Bankruptcy Rule 8002 was one day late.

On August 25, 1989, the Bank filed a Motion for Extension of Time to Appeal claiming that the Notice of Appeal was late-filed due to excusable neglect under Bankruptcy Rule 8002(c). The Order appealed from did not authorize the sale of any property or the obtaining of credit or the incurring of debt under Sec. 364 of the Bankruptcy Code, and was not an order approving a disclosure statement, confirming a plan, dismissing a plan, or converting a case under another chapter of the Bankruptcy Code. Under those circumstances, the request of the Bank to extend time for filing a notice of appeal, if made no more than twenty days after the Notice of Appeal (which it was), could be granted by the Bankruptcy Court "upon a showing of excusable neglect....". B. Rule 8002(c).

■ The Bank's motion represented that the Trustee did not object to the requested extension of time. Because of this representation, which now appears to have been in error, the Court did not wait for the filing of an answer, but proceeded to rule on the motion after considering its merits. Mere consent would not justify grant of the motion because the District Court, which reviews bankruptcy appeals, lacks jurisdiction of a bankruptcy appeal that is not timely filed. See, Robinson v. Robinson (Matter of Robinson), 640 F.2d 737 (5th Cir.1981), construing Bankruptcy Rule 802(a), the predecessor of current Bankruptcy Rule 8002(a), in the context of a notice of appeal filed one day late.

The Bank's motion for extension of time for appeal explained that there had been a good faith miscalculation in computing the appeal. As explained in an affidavit attached to the motion, an associate of the Bank's law firm used his desk calendar to compute the due date, but miscalculated because of the manner in which the dates were printed on his calendar. While there was no exact explanation of how miscalculation occurred, the August 1989 calendar attached to the affidavit contains a box showing July 1989 dates, with 23/30 24/31 appearing on the last line in small print. The Court inferred that the associate had failed to notice either the 30th of July or the 31st of July, and granted the Bank's motion for extension of time to appeal.

The Trustee on September 5, 1989 moved for reconsideration. The Trustee's memorandum in support of its motion to reconsider contends there is no reported decision finding excusable neglect for an untimely notice of appeal in a bankruptcy matter. The Bank in a letter reply dated September 14, 1989, stresses that whether the Court can grant the motion based upon "excusable neglect" is within the Court's discretion. The Bank's reply states in part:

"... [T]he fact remains that the Court's discretion to grant that motion is within the Court's discretion. *In re Dahnken's of Santa Barbara, Inc.*, 11 B.R. 536 (BAP 9th Cir.1981). Insofar as *reported* cases are concerned, the courts in other circuits have generally taken a restrictive view of the concept of 'excusable neglect'. However, the Trustee has not cited any cases arising in the 5th Circuit in which such a restrictive view has been adopted. Thus, this Court writes on a comparatively clean slate."

■ After review of the authorities cited, and also independent research, this Court concludes that it does not write on a "comparatively clean slate", and that it does not have discretion to extend the time for filing notices of appeal based upon counsel's miscalculation of facts.

The most that can be said for the Bank's position is that one decision—a Fifth Circuit decision—contains language that can possibly be read to support a broad interpretation of "excusable neglect". The decision does not however, appear to involve any determination that a miscalculation of facts by appellant's counsel constitutes "excusable neglect". The decision also does not rely on any precedents construing "excusable neglect" in the context of Bankruptcy Rule 8002. In *Wilson v. United Savings of Texas (Matter of Missionary Baptist Foundation of America, Inc.)*, 792 F.2d 502, 507 (5th Cir.1986), the Court said it would not "second-guess" a district court's extension of time for filing an appeal.

"A district court may grant an extension upon a showing that failure to appeal timely was the result of excusable neglect or for good cause. *Campbell v. Bowlin*, 724 F.2d 484, 488 (5th Cir.1984); *Davis v. Page*, 618 F.2d 374, 377–78 (5th Cir.1980) (excusable neglect finding left untouched in subsequent history). A reviewing court will not disturb the district court's ruling on the motion unless there has been an abuse of discretion. *Id.* United Savings filed its motion six days after the running of the ten day period prescribed in Bankruptcy Rule 8002. The delay occurred, according to United Savings, because of an indemnity agreement it held from Jewell, making it necessary that attorneys from both parties review the record and consult with each other and their clients before making a decision whether to appeal. In *Davis v. Page*, we deferred to the district court's decision to grant an extension in a similar factual context. We decline to second-guess the district court's approval of the extension here."

Both *Campbell*, which found abuse of discretion in extending time to appeal, and *Davis*, which did not, were decided under Rule 4(a) of the F.R.A.P., which allows the district court to extend the time for filing a notice of appeal upon a showing of either excusable neglect or good cause. *See Campbell* at 486–487; *Davis* at 377–378. Neither case was decided under Bankruptcy Rule 8002, allowing time to be extended only for excusable neglect, and neither case involved a bankruptcy matter.

The Bank's reliance on *Dahnken's, supra* is correct to the extent that the Ninth Circuit Bankruptcy Appellate Panel noted that extension of time to file a notice of appeal based on excusable neglect is reversible only for abuse of discretion. 11 B.R. at 538. But discretion has multiple meanings in the law ranging from total unreviewability of the trial court's decision (what one commentator has termed "decision-liberating discretion") to extensive examination by the appellate tribunal of the manner in which it is exercised and the confines or limitations within which it can be exercised. In *Dahnken's*, the B.A.P. affirmed denial of a one-day extension of time for an appeal, stating:

"... [T]he standard of excusable neglect is narrowly applied and generally will be satisfied only where the appellant was unaware that judgement was entered or in extraordinary circumstances where injustice would otherwise result." *Id.*

Bankruptcy Judge Thomas Waldron in *Gilbert v. Suburban Athletic Club (Matter of Dayton Circuit Court # 2)*, 85 B.R. 51 (Bankr.S.D.Ohio, 1988) has noted that the exercise of the bankruptcy judge's discretion is circumscribed by consistent body of bankruptcy decisions in which the excusable neglect standard is strictly construed in the context of failure to take a timely bankruptcy appeal. Except for *Missionary Baptist*, there has been no case in which the concept of excusable appeal was not strictly construed. *Id.* at 53–56.

*In re W & L Associates*, 74 B.R. 681 (Bankr.E.D.Penn.1987) reached similar conclusions. Judge David Scholl could find "no case" in which any court had found excusable neglect under Bankruptcy Rule 8002(c) and a "plethora" of cases finding that standard unmet. Judge Scholl distinguished between cases under Bankruptcy Rule 8002(c) and those under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* at 684. He explained the strict construction given Rule 8002(c) to "the successful party's and the public's interest in seeing an end come to litigation" and to "the peculiar need for expedient administration of bankruptcy cases, ... which is hampered by the presence of outstanding belated appeals." *Id.* at 683.

A bankruptcy court's extension of time based upon excusable neglect was reversed by the Ninth Circuit in *Headlee v. Ferrous Financial Services, (Matter of Estate of Butler's Tire & Battery Co.)*, 592 F.2d 1028, 4 B.C.D. 1304 (9th Cir.1979). Counsel had misinterpreted or misread Bankruptcy Rule 802(a) (currently Bankruptcy Rule 8002(c)) requiring a notice of appeal within ten days of entry of order. The Court held that this was no excuse when appellant's counsel knew of the entry of judgment but failed within the ten day limit to file either a notice of appeal or any request for extension of time. In the instant case, the Bank's miscalculation of time appears to stand on no different footing.

*Tyler v. Capitol Chemical Industries, Inc. (In re Metro Paper Co.)*, 18 B.R. 831 (Bankr.D.C.1982), involving a notice of appeal filed three days late, held that attorney miscalculation of the applicable time period did not in any way constitute excusable neglect within the meaning of the decided cases. *Federal Land Bank of Columbia v. Fisher (In re Fisher)*, 65 B.R. 261, 263 (Bankr.N.D.Ga.1986), held that compliance with the ten day rule was jurisdictional, and that mistaken application of the scheme for computing time under F.R. Civ.Pro. 6(a) rather than that under Bankruptcy Rule 9006(a) was not excusable neglect which would justify the of a notice of appeal filed one day late.

The Bankruptcy Appellate Panel in *Elias v. Zeller (In re Zeller)*, 38 B.R. 739 (BAP 9th Cir.1984) held that a notice of appeal filed one day late could not be justified as excusable neglect based on counsel's absence from the office which he could reasonably have anticipated. The Panel held that the bankruptcy court, by granting an extension of time for filing a notice of appeal, had abused its discretion.

Based upon the foregoing discussion, this Bankruptcy Court concludes that it was mislead, albeit unintentionally, by Bank's counsel into believing that the Trustee would not file an answer to the Bank's Motion For Extension of Time to Appeal, and that had this Court considered the authorities cited by the Trustee's counsel, or inquired into the case-law relating to excusable neglect under Bankruptcy Rule 8002, it would have not granted the Bank's motion. It seems clear from the authorities cited above that exercise of the Bankruptcy Judge's discretion is circumscribed by a fairly consistent body of decisions regarding bankruptcy appeals; that under this body of decisions, counsel's mistakes of facts or law do not constitute excusable neglect under Bankruptcy Rule 8002(c); that excusable neglect is fairly strictly construed as requiring either inability to learn of the entry of order or judgment or extraordinary or unique circumstances disabl-

ing appellant's counsel from acting on that information; and that this Court's Order filed August 31, 1989 should be vacated and set aside.

ACCORDINGLY, IT IS ORDERED that:

1. The Motion of the Trustee filed September 5, 1989, to reconsider the Court's Order is hereby GRANTED; and

2. This Court's Order signed August 30, 1989, and filed August 31, 1989 deeming the Notice of Appeal filed by NCNB Texas National Bank as timely filed is hereby VACATED AND SET ASIDE; and

3. This Order shall immediately be served by the Office of the Clerk upon all counsel in this adversary proceeding.

SO ORDERED.